## WILLIAM HESTER vs. J. L. ALLEN.

1. LIEN FOR LABOR:  *Agricultural lien laws of 1872 and 1873.*

The statutes of 1872 and 1873, giving and regulating liens on crops and providing the means of enforcing the same, were intended to embrace only the classes enumerated therein, to wit, the employer and employé, the landlord and tenant, the cropper on shares, and the supply-man and the party supplied, but do not embrace the overseer nor give him a lien for his wages.

ERROR to the Circuit Court of *Madison* County.

Hon. W. B. CUNNINGHAM, Judge.

The facts in this case are sufficiently stated in the opinion of the court.

It is assigned for error:

1. The proof shows that Allen had no lien.

2. The proof fails to show the property was subject to the lien.

3. Necessary parties were not before the court.

4. A personal judgment was rendered.

5. An execution was awarded.

6. No issue was made up ; no finding of a lien in verdict.

7. The case was tried in the absence of Hester's agent.

8. A personal judgment was rendered against the agent, and an execution awarded against him.

9. Other errors to be shown at the hearing.

*J. A. Brown*, for plaintiff in error :

No one can have the benefit of this remedy unless he has the lien, the existence of which gives the court jurisdiction. Speer *v.* Hart, 45 Ga., 114 ; Stewart *v.* Hollins, 47 Miss., 709, 710 ; Phillips on Mechanics' Liens, § 449 ; Davis *v.* Henderson, 3 Cushman, 558 ; Act of February 19, 1876 ; 47 Ga., 619 ; 49 ib., 604 ; 3 La. An., 428 ; 14 How. (U. S.), 434 ; Phillips on Mechanics' Liens, §§ 41, 42.

[The reporters find no brief on file for the defendant in error.]

CHALMERS, J., delivered the opinion of the court.

Defendant in error instituted his proceeding by writ of seizure, to assert his claim for wages against the crop of plaintiff in error, under and by virtue of the acts of 1872 and 1873, giving and regulating liens on crops and providing the means of enforcing the same. His claim was for a balance due him for his wages as overseer on the plantation of plaintiff in error. He thus describes his own employment and services : "In 1874 defendant, William Hester, employed me to work for him in attending to his farming business as an overseer—to overlook and supervise his planting interests on his farm in Madison county, upon which there were a number of hands engaged in making and raising a crop of corn and cotton. My business was, not to work as a laborer on said farm, but to overlook and supervise defendant's planting interest, to wit, the hands and laborers who were on the place.

"Defendant was to pay me $350 for such services. He has already paid me $200 and is now due me $150 balance, for which this suit is brought."

Manifestly the services here described are not embraced and protected by the statutes under which the proceeding was instituted. These statutes are intended only to grant liens upon the crops, and to provide means for the enforcement thereof, for those classes enumerated therein, to wit, the employer and employé, the landlord and tenant, the cropper on shares, and the supply-man and the party supplied, when this latter class is also embraced in one of the former.

Clearly an overseer comes within none of these classes. The motion made in the court below to dismiss the proceedings should have been sustained.

The cause is reversed, and this court, rendering such judgment as the court below should have rendered, dismisses the petition, directs the property seized to be returned to the plaintiff in error, and the defendant in error pay the costs in both courts.