E. B. TAYLOR, TRUSTEE, v. B. F. NELSON.

AGRICULTURAL LIEN FOR RENT.   *Assignable.*

> The assignment by a landlord of the rent and lease carries with it the
> lien on the crop given by the act of April 17, 1873 (Acts 1873, p. 79),
> which protects the assignee against a subsequent deed of trust given
> by the landlord on the crop.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

*Harris & George,* for the plaintiff in error.

Under the act of 1873 the landlord has an interest in the crop to the extent of his rent, as between himself and the tenant. The transfer of the rent contract to Nelson, if intended as a pledge of this interest in the cotton, was void, because there was neither delivery nor registration of the trust. It is not a security for debt, but an undivided interest in property, and requires a partition proceeding to get the shares separated. It can be pledged or conveyed in trust as to creditors or subsequent incumbrancers only by deed registered.

*Tim. E. Cooper,* for the defendant in error.

If, under the contract of renting, Jones had any interest in the crop grown by his tenants, the Beeslys, it was incident to the debt due by the tenants, and the debt could not be assigned to Nelson, and its incident pass to Taylor by the deed of trust.

SIMRALL, C. J., delivered the opinion of the court.

The only question is, which of the parties litigant has the priority. It arises on these facts: On Feb. 16, 1874, J. B. Jones leased a part of his farm to Alexander and Duke Beesly, for four thousand pounds of seed cotton, to be ginned and baled. On the 28th of the same month, Jones, in writing, assigned this lease to B. F. Nelson, as collateral security for a debt of $157, which he owed to him on a promissory note due Jan. 1, 1874. Subsequent to these transactions, the Beeslys, who had notice of the assignment to Nelson, delivered the baled cotton to Jones, who received it for Nelson,

put it in a place in his yard separate from the other cotton, and notified Nelson that he had the cotton for him. Nelson requested him to keep it until the roads were better, when he would send for it. On March 24, 1874, Jones made a deed in trust to secure M. J. Howard & Co. on a large indebtedness past due, and for other supplies, besides those for the plantation. There were included in the deed " all the crops of corn, cotton, . . . raised by him or parties working under his control, or by either of them, or caused to be raised or grown in Copiah County." The indebtedness to M. J. Howard & Co. became due October 1. The deed was filed for record May 13, 1874. The three bales of cotton delivered by the Beeslys to Jones for Nelson are the subject of the suit.

Jones assigned to Nelson his contract with the tenants on February 28, and the tenants were notified of it. Before the cotton was taken for the benefit of M. J. Howard & Co., the tenants had delivered it to Jones for Nelson, assignee of the rent. It may be considered, therefore, that Nelson was practically in possession. If the assignment of the rent and the contract of the lessees carried with it the lien which the statute implied for the landlord, it is clear that Nelson's right to the cotton is superior to that of M. J. Howard & Co., under the trust-deed. We have held that the assignment by a laborer carried with it the lien, which protected the debt to the assignee. *Kerr* v. *Moore, ante,* 286. This is the assignment of the rent and lease by the landlord, and is quite analogous to that of the laborer. If in the one case the privilege of the lien passes, so it must in the other.

The result in the Circuit Court accords with these views, and is                                    *Affirmed.*