## EMERSON V. HEDRICK.

LABORER'S LIEN: *Cutting and raking grass.*
  Hay is the production of the laborer who cuts and rakes the grass, and he has a lien on it for the price or value of his labor.

APPEAL from *Prairie* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

*John C. & C. W. England* for appellee.

Prairie hay is a natural production, and being such, the plaintiffs *produced* nothing by cutting it, but simply changed its form, or assisted in putting it in a marketable condition. Having produced nothing, they were not entitled to enforce a lien against the hay. *27 Ark., 564.*

*George Sibley* for appellant.

Appellee was a *laborer* within the meaning of the statute, and entitled to a lien on the *production* of his labor. Production is the fruit of labor, it is the result, effect, yield of labor. (See *Webster in verbum.*) See also as to "labor." Hay does not grow in bales on the land, but to *produce* hay, the grass requires labor, rakes, mowers, balers, etc., to cut, rake, cure and bale; hence *it is* the *production* of the laborer, etc. Relies also on *27 Ark., 566–7*, so far as applicable.

### STATEMENT.

ENGLISH, C. J. This is a suit to enforce a laborer's lien upon about seventy-five tons of prairie hay. The suit was commenced before a justice of the peace of Prairie County, by William Hedrick, against Lee and Baugh. Hedrick filed an affidavit before the justice (which served as a complaint), in which he stated that defendants were justly in-

debted to him in the sum of $120, for cutting and raking. hay for them, which they had hauled and stacked at places named, and that he had a laborer's lien thereon under the statute; and praying that it be attached, etc.

Process was issued, the hay seized, and A. Emerson, doing business under the style of A. Emerson & Co., interpleaded for the hay, alleging that he owned half of it, and held a mortgage upon the other half, executed by the defendant, and that plaintiff was not entitled to a laborer's lien upon any part thereof.

The defendant made no defense before the justice; there was a trial upon the interplea, the lien of the plaintiff was sustained and judgment for his debt, etc.

Emerson took an appeal to the Circuit Court for himself and the defendants.

In the Circuit Court he moved to quash the attachment on the ground that plaintiff had no lien on the hay, and the motion was overruled. He then demurred to plaintiff's complaint, and the demurrer was overruled. In the motion and demurrer defendants were joined with Emerson. They rested on the demurrer, and judgment was rendered in favor of plaintiff against defendants for his debt, etc., and the hay condemned for its satisfaction. The interpleader, Emerson, appealed to this court.

### OPINION.

LABORER'S LIEN: Making hay. The only point made here for appellant is, that the complaint did not show that appellee produced the hay, and therefore he had no lien upon it for his labor.

The argument is, that prairie hay is a natural product, and, being such, appellee produced nothing by cutting and raking it, but simply changed its form or assisted in putting it in a marketable condition.

The statute provides that laborers who perform work

and labor for any person under a written or verbal contract, if unpaid for the same, shall have an absolute lien on the production of their labor for such work and labor. *Gantt's Digest, sec. 4079, etc.*

The person having such lien is required to make a sworn statement of the amount due, the kind of service, for whom rendered, material furnished, etc., and the statement must contain "a list of land, property, crops, or other production of his labor charged," and upon this, process in the nature of an attachment issue. *Ib., secs. 4080-1-2, etc.*

The whole statute was construed in *Dano v. M. O. R. R. R. Co., 27 Ark., 564,* in which the word "production," etc., was defined. See also *Taylor, Bradford & Co. v. Hathaway, 29 Ib., 597.*

Hay is grass cut and dried for fodder—grass prepared for preservation. Make hay while the sun shines. *Webster.*

Wild prairie grass is not hay, but when cut or mowed and raked it becomes hay, the drying or curing occurring between the former and the latter process. Hay may therefore with propriety be said to be the "production" of the laborer who cuts and rakes it—in other words makes it. To hold otherwise would be a very narrow construction of the statute.

Affirmed.