Saloy vs. Dragon.

## No. 9264.

### B. SALOY VS. P. B. AND A. DRAGON.

The lessor of a plantation by bonding the property provisionally seized for his rent. cannot thereby defeat the privilege of the plantation laborers thereon, who have intervened in the suit prior to the bonding, asserting their privilege.

Nor is it necessary to preserve the privilege of such laborers, that they should demand a separate appraisement of the crops seized prior to the bonding or to judgment rendered.

A workman or mechanic who repairs the sugar-house and the machinery therein, is not entitled to a privilege on the crops or other property subject to the laborers' privilege.

The plantation laborers are entitled to a superior privilege over the lessor only on the crops; as to the residue of the property subject to the two privileges, their privilege is concurrent with the lessors.

All laborers on a plantation who are employed in the planting, cultivating, gathering and preparing a crop for market, and in work connected therewith or auxiliary thereto, are equally entitled to the privilege provided by Act 3217, C. C.

APPEAL from the Twenty-fourth District Court, Parish of Plaque-mines. *Livaudais*, J.

*E. H. McCaleb* for Plaintiff and Appellant.

*James Wilkinson* and *Robert Hingle* for third opponents, Appellees.

The opinion of the Court was delivered by

TODD, J. This case presents a controversy between the lessor of a plantation and the laborers thereon.

The plaintiff sued out a provisional seizure and under it caused the crops on the plantation and other movable effects to be seized for the rent.

A number of the laborers and employees intervened in the suit and asserted a superior privilege on the property seized to the lessor.

After the filing of these interventions or oppositions, the property seized was bonded by the lessor.

The case was tried and from a judgment maintaining the oppositions the plaintiff has appealed.

1. The first contention of the plaintiff's counsel is, that the opponents or intervenors did not demand a separate appraisment of the sugar and molasses from the other movables provisionally seized by the lessor, and, that from this omission, the property having been bonded by the lessor, they had lost their privilege on the same.

It does not appear from the record that there was any judicial sale of the property made or ordered, and it is only in case of such sale of property subject to conflicting privileges that the question of a separate appraisement arises.

Besides, the condition of the bond executed by the plaintiff was to produce the property, to meet the judgment or pay such judgment, and even if a separate appraisement was necessary to the preservation of the opponent's privilege, there would be time enough to cause it to be made, when the plaintiff in compliance with his obligation produced the property to meet the judgment.

The question of a separate appraisement is, therefore, prematurely raised. The interventions were seasonably filed, whilst the property provisionally seized was still in the possession of the sheriff. There was no authority for any party to the suit to cause it to be sold during the pendency of the proceedings, unless on account of its perishable condition and no such demand for its sale was made for that cause. The opponents in their petition claimed a privilege on the property, and the plaintiff could not deprive them of their privilege or destroy the same by securing its release from the custody of the law by bonding the same. If the plaintiff desires to avail himself of the plea of a separate appraisement, he should first have produced the property, that it might be judicially sold, but, should he not choose to do so, or should he already have disposed of it, he must pay the privileges of the intervenors therein as recognized to the extent at least that the judgment already rendered by the District Court, may be affirmed,

He cannot bond the property, retain it or dispose of it, and then set up to defeat the privilege of the intervenors, that no separate appraisement of the property had been demanded by them, when no occasion had arisen for such demand.

We do not pretend to decide that, in the event that the property had been sold under the judgment, any separate appraisement of the crops would have been necessary to the preservation or enforcement of the privileges claimed by the intervenors. It is unnecessary to decide this point.

2. There were a number of laborers who had only been employed at the grinding season, and whose work was performed in the sugar-house in the making of the sugar, and it is denied by the plaintiff's counsel, that such laborers are entitled to any privilege on the crops or the movables on the plantation.

We have attentively examined the law and the articles of the code, according a privilege to the laborers on plantations, and we think a fair construction of them warrants the conclusion that it was the legislative intent to confer this privilege on laborers who worked upon

the crop in any and all of its stages in the planting, cultivating, gathering and preparing it for market, and who performed any work on the plantation required for such purposes or incident thereto.

We think, therefore, that the judgment allowing a privilege to this class of laborers was correct.

3. The privileges claimed by Leopold and Crawther as transferrees of the claims of certain laborers against their employers, are opposed on the ground that these parties were not subrogated to the privileges of the transferrors; and, Crawther's claim on the further ground that his debt was novated by a draft of the defendants which was not paid and not protested.

There was no express subrogation from the laborers necessary; the transfer of this claim carried with it the transfer of the privileges as accessories thereto. C. C. 2645. We are confirmed in this conclusion by the decision in the case of Laloire vs. Wiltz, 31 Ann. 430, which has an important bearing on this question.

Nor was Crawther's account novated by the draft. He does not sue upon the draft, but on the account. There was no express acknowledgment that the account was paid by the draft. Novation is not presumed. 31 Ann. 221; 32 Ann. 822; 34 Ann. 535.

4. The claim of Jas. P. Loga for $98 is opposed on the ground that he was not a plantation laborer, but his account was for repairing the sugar-house and helping to repair the machinery; and as a night watchman in the sugar-house. It is not shown how much of the account was for his services as watchman, and it is clear, that his work in the buildings and machinery mentioned, gave him no privilege on the crops or movables on the place, but his privilege must be enforced against the buildings he repaired, under Art. 3249, C. C. This privilege was improperly allowed.

5. We think there was error also in that part of the judgment, which allowed these intervenors the first privilege on all the property provisionally seized, and requiring them to be paid out of the first proceeds of the same.

The third clause of Art. 3217, C. C., confers on the lessors of immovables and the laborers employed thereon a privilege on the same things—the crops and movables—but, the last clause of that article and act, 3259, C. C., give the first privilege to the laborer only on the crops, leaving the privileges for rent, and labor concurrent on all the residue of the property subject thereto.

With these two corrections, we think the judgment in other respects should remain undisturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended by rejecting the privilege allowed therein to Jas. P. Loga on the property provisionally seized for ninety-eight dollars, and by limiting the first privilege awarded the other intervenors or opponents to the sugar and molasses seized, or its proceeds, out of which only they are entitled to be *first* paid; and as thus amended, the judgment is affirmed, appellees to pay costs of appeal.