D. M. HOLLINGSWORTH ET AL. *v*. ALLAN HILL ET AL.

1. LIEN OF LANDLORD.　*Abandonment of crop.　Sale by landlord.*

A tenant may take and dispose of a growing crop which his subtenant, in arrears for rent, has abandoned, but the purchaser, although he incurs expense in gathering the crop, must hold ·it subject to the lien of the landlord whose claim against the tenant for rent and supplies is unpaid.

2. SAME.　*Payments to landlord.　Appropriation ; who may object.*

Since the purchaser of a growing crop from a tenant acquires no greater right than the tenant had, he cannot defeat the ·lien of the landlord by showing that the tenant had already delivered to the landlord sufficient cotton to discharge the lien for rent and supplies, .if, by agreement with the tenant, the landlord had appropriated the same to other debts.

FROM the circuit court of Yazoo county.
HON. J. B. CHRISMAN, Judge.

For several years prior to 1890 R. G. Hudson had rented to J. A. Hill a plantation, and each year made advances of supplies, and at the beginning of each year Hill was accustomed to secure any past-due debt and the rent and supplies for the ensuing year by a trust-deed on all the crops to be grown on the plantation, and all the interest or shares he might have in such crops. At the close of the year 1889 he

executed three notes for $1,250 each, due in December, 1890, and January, 1891. A trust-deed was executed of the character above stated, which expressly provided that the notes should be discounted and the proceeds, after paying the past-due indebtedness, placed to the credit of Hill, and that advances should be made by Hudson to him of supplies, and, if these advances should exceed the said balance, the excess should be secured by the trust-deed. After discounting the notes and paying the past-due indebtedness, there was to the credit of Hill about $300. He, however, obtained from Hudson, during the year 1890, supplies to the amount of $1,700. It was further provided by the trust-deed that any payments made might be applied, at the option of Hudson, to any debt, whether secured or not. The cotton made by Hill in 1890 was delivered to Hudson and applied to the payment of the three notes for $1,250 each, and left unpaid the rent note of $900 and the larger part of the account for supplies for 1890. The three notes, together with the account for supplies, were assigned by Hudson to J. F. Powell.

The seven bales of cotton in controversy were grown upon the land of appellant, Hollingsworth, which J. A. Hill had sub-rented to 'Squire Jefferson. Before the crop of Jefferson was gathered he voluntarily abandoned it, owing Hill, his landlord, for rent and supplies, and the latter took possession of the land and assumed control of the crop, and agreed with appellees, Allan Hill and Adeline Wright, that if they would gather the crop and pay him Jefferson's debts, with an agreed deduction, they might have the crop. Under this contract Allan Hill and Adeline Wright gathered the crop and paid J. A. Hill the price agreed. Meantime, Hudson having failed in business, Powell was left to enforce against the crops grown on the plantation his lien under the trust-deed and as holder of the landlord's claim for supplies. Hollingsworth was substituted trustee under the trust-deed, and sought to take possession of the cotton above mentioned, but, being prevented by J. A. Hill, he brought re-

plevin against the latter therefor.   Afterwards Powell, fearing that Allan Hill and Adeline Wright, who gathered the crop, might assert a laborer's lien thereon, had the cotton seized under a distress for rent based on the claim for supplies.   J. A. Hill, tenant, replevied the cotton, and Allan Hill and Adeline Wright also interposed a claim.

The record also contains an agreed statement of facts, as follows:

" It is hereby agreed that Dr. J. A. Hill was the tenant of R. G. Hudson for the year 1890, and that the said Hudson furnished the said Hill supplies, in money and merchandise, during the year 1890, and that J. F. Powell is the holder and assignee of said indebtedness for a valuable consideration; that the debit items of said account are true and correct, and that the said Hudson has rented said plantation during the last seven years to said Hill, and that it has been the custom of said Hudson to bring forward any balance that may be due from any year, for which the said Hill has given his notes as well as for supplies to be furnished, and said notes charged up to said Hill in said account, and the same discounted and the proceeds passed to the credit of said Hill, and any payments he made in either money or cotton have been by the said Hudson applied to the payment of said notes and then to the items of the open account when there was a balance. But it is further understood and agreed that nothing herein shall be construed or understood in any way to prevent said claimants to assert their legal rights to say how such payments should be applied."

The two cases, the one begun by replevin and the other growing out of the distress, were consolidated.   The trial resulted in a peremptory instruction for the claimants.   Motion for new trial overruled, and Powell and his trustee appealed.

*T. H. Campbell,* for appellants.

The circuit court took the view that legal title to the cotton was in Jefferson and never passed to Hill by the former's

abandonment of the crop. If that is true, the claimants did not show title in themselves. If they got no title from Hill, they got none at all, for they did not purchase from Jefferson. Hill rightly took the cotton as his own after the abandonment, and the lien of the trust-deed attached to it, and the claimants bought the crop subject to the lien. Besides, Powell was the holder of the supply-account for 1890, and had the right to distrain. Laws 1890, p. 67.

The lien for supplies attached to the products by whomsoever raised on the land. The cotton for 1890 was appropriated so as to leave the supply-debt unpaid. The trust-deed expressly gave the right to make this appropriation. Where debtor and creditor by agreement apply payments, the court will not disturb the application. *Pitzer* v. *Logan,* 7 S. E. Rep., 385; *Newburger* v. *Perkins,* 62 Miss., 584.

The claimants had no right to say how the proceeds of the cotton should be applied. *Hiller* v. *Levy,* 66 *Ib.,* 30; *Gwin* v. *McLean,* 62 *Ib.,* 121; *Jefferson* v. *Church,* 43 N. W. Rep., 74.

*Calhoon & Green,* on the same side.

The lien of the landlord upon the agricultural products is good against a *bona fide* purchaser. *Honea* v. *Page,* 60 Miss., 248; *Henry* v. *Davis, Ib.,* 212; *Cohn* v. *Smith,* 64 *Ib.,* 816.

Jefferson, the abandoning tenant, is not complaining, and the appropriation of payments as authorized by the trust-deed had been made long before the claimants had bought the cotton or acquired any interest in it. It is clear that they have no cause of complaint.

*E. E. Baldwin,* for appellees.

The landlord had no right to appropriate the crops to the payment of a debt other than the rent and supply bill, either with or without an agreement with the tenant, to the detriment of the sub-tenant. *Ogden* v. *Harrison,* 56 Miss., 743, is decisive of the case, if the fact was that the tenant had given no instructions to appropriate the cotton to the old debt. If

there had been such an agreement, it would avail Powell nothing, as two persons, by an agreement between themselves, cannot dispose of the property of a third person, a stranger to their agreement.

CAMPBELL, C. J., delivered the opinion of the court.

The court erred in instructing for the appellees. They claim under J. A. Hill, and have no greater right than he has, and it is clear that as against him the appellant was entitled to recover the cotton. Hill had expressly stipulated that Hudson might apply payments as he saw proper, and he had so applied them as to leave the account for advances unpaid. It was a lien on the cotton superior to any claim derived from dealing with Hill.

When the tenant, 'Squire Jefferson, abandoned the premises he had leased and Dr. Hill took possession, as he had the legal right to do, he proceeded, as well he might, to deal with the crop as owner, and, after appropriating the corn raised by Jefferson, procured the cotton to be picked under an agreement with Allan Hill and his mother, who, as Allan Hill testifies, bought the crop from Dr. Hill. As they dealt with Dr. Hill as owner, as in law he was because of the surrender by the abandonment of Jefferson (12 A. & E. Ency. Law, p. 758, and cases cited), they took the cotton acquired by dealing with him, charged with whatever bound it as his, and must look to him for compensation for their labor and expenses. Dr. Hill regarded the crop raised by Jefferson as his own after its abandonment by Jefferson, and it was his in legal contemplation, and it was so regarded by those who dealt with him about it, and the legal consequences of his ownership must follow, whatever the hardship.

*Reversed, and remanded for a new trial.*