LUCINDA GREELEY v. TIB GREELEY AND LILLIE GREELEY.

(Filed June 9, 1903.)

1. ATTACHMENT—What Affidavit Must Contain. In an attachment proceeding under the Statute of 1901 by a landlord to recover rent of leased premises, the affidavit must conform to the provisions of that act. Proof in support thereof which shows the disposition of crops grown on leased premises more than thirty days prior to commencement of attachment proceedings, does not support an affidavit for attachment under said act.

2. SAME—What Property May be Levied on. An affidavit for attachment under the Statute of 1901, by a landlord, to recover for rent of leased premises, does not justify a levy on property other than crops growing or grown on the land.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. B. Martin,* for plaintiff in error.

*S. H. Harris,* for defendants in error.

Opinion of the court by

GILLETTE, J.: This action was originally commenced in the probate court of Noble county, by the plaintiff in error against the defendants in error, to recover the sum of $359.25 alleged to be due her from the defendants for the rent of certain described premises, for the year 1901. Defendants answered, admitting the occupancy of the premises, but denying any agreement to pay rent for such occupancy, and denying the relation of tenants to plaintiff, and alleging equit-

able ownership of the premises in themselves, and that therefore the title to the premises was in controversy. Upon this plea of title, the probate court certified the case to the district court for trial, where the same was pending and undetermined at the time the present appeal was taken.

After the case had been certified to the district court, the plaintiff filed in that court her affidavit for attachment, which, omitting caption, is as follows:

"Lucinda Greeley being duly sworn says that she is the plaintiff in the above entitled action; that heretofore she had commenced suit in the probate court of said county against said defendants to recover $480.00 due her from said defendants for rent of the southwest quarter of sec. 26, township 22, range 1 west;

"That it being made to appear by the answer of defendants that the title to said land was involved in said cause, the judge of the said probate court did heretofore on the 20th day of June, 1902, certify said cause to this court.

"That the defendants above named are indebted to plaintiff in the sum of $480 for the rent of said farm hereinbefore described, for the year 1901.

"That said claim is just and due, and that plaintiff believes she ought to recover from said defendants the sum of $480 rent as aforesaid.

"That defendants are about to remove a part of their property from said leased premises, and are removing a part of the crops grown upon said premises therefrom, and that the defendants intend to remove a large part of their property from said premises, and dispose of the same for the purpose of hindering, delaying and defrauding their creditors.

"Affiant further says that she is entitled to a lien on all

the crops grown upon said premises for the payment of the rent of said land for the year 1902, and that said rent will be due to plaintiff on the 1st day of January, 1903, in the amount of $480.00, and that plaintiff claims a lien upon said crops for such purpose and in said amount.

"LUCINDA GREELEY.

"Subscribed and sworn to, etc."

The amended petition alleges: "That said defendants have used and occupied said premises during the entire year of 1901," and concludes by praying for judgment "for the sum of $359.23 with interest at seven per cent."

The summons has endorsed upon it:

"If the defendants fail to answer, judgment will be taken for the sum of $359.23, etc."

In short, if there is anything certain in the proceedings in this case, it is that the action was instituted and prosecuted for the purpose of collecting the rent for the year 1901, and for that only.

The statute of Oklahoma under which the attachment proceedings in this case were instituted and had, is a special summary proceeding under the landlord and tenant act, designed to protect the landlord, and to effect the speedy and certain collection of the rents for farming lands. (Wilson's An. Stat. 1903, p. 829; 3343 to 3349 inclusive.)

Section 3346 provides:

"When any person who shall be liable to pay rent * * * * intends to remove, or is removing, or has within 30 days, removed his property, or the crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action in the court having jurisdic-

tion; and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

Section 3347:

"In an action to enforce a lien on crops for rent of lands, the affidavit for attachment shall state that there is due from the defendant to the plaintiff a certain sum, naming it, for rent of farming lands, describing the same, and that the plaintiff claims a lien on the crop made on such land. Upon making and filing such affidavit and executing an undertaking as prescribed in the preceding section, an order of attachment shall issue as in other cases, and shall be levied on such crop, or so much thereof as may be necessary; and all other proceedings in such attachment shall be the same as in other actions."

The attachment bond filed in this case recites:

"Whereas said plaintiff has commenced a civil action against said defendant in the probate court of Noble county and the same has been certified to said court to recover the sum of $480 and has applied to the clerk of said court, by filing the necessary affidavit, for an order of attachment to be issued in said action against said defendant."

It will thus be seen that the action in which the attachment is issued is the same action commenced in the probate court, and by that court certified to the district court which action was for the recovery of the sum of $359.23, the balance due for rent of the premises for the year 1901; and it will be further noted that no other action has been instituted by the plaintiff against the defendants either for the recovery of the rent for 1902, or for any other purpose.

This being conceded, the question first arising is: Does the affidavit filed in the case conform to the requirements of the statute? The statute requires the defendant to "state that there is due from the defendant to the plaintiff a certain sum, naming it, for rent of farming lands, describing the same, and that the plaintiff claims a lien on the crop made on such land."

The only allegation of the affidavit filed in this case so far as the rent for the year 1901 is concerned is in the following language:

"That said claim is just and due, and that plaintiff believes she ought to recover from said defendant the sum of $480.00 rent as aforesaid."

It is manifest that this part of the affidavit was made under the general attachment law, and does not meet the requirements of the special statute under consideration for the reason that it does not either in terms or effect "claim a lien on the crop made on such land." This we think was necessary, because the same section further provides that the writ, when it issues "shall be levied on such crops," evidently referring to the crop upon which the plaintiff has claimed a lien in her affidavit.

Without this allegation in the affidavit and direction in the writ, the officer is at liberty to do just what he did in this case, viz: levy it upon any and all property of the defendant he can find; and this brings us to notice the return of the officer, which shows the levy to have been upon 40 acres of wheat in shock, 25 acres of growing corn, 90 bushels of wheat in bin, 200 bushels of oats in granary, 1 blind horse, 1 blind mare, 1 span of driving horses, 1 two-horse wagon, 1 stir-

ring plow, 1 Deering binder, 1 drill, 1 steel harrow, 1 culti-vator, 1 set of double work harness."

Nowhere in the proceedings is there anything to indi-cate that the property levied upon had any connection with the leased premises until the hearing of the motion to dissolve the attachment, when it appeared that the sheriff in executing the attachment stopped the threshing (then going on) of the grain on the premises, but even that did not disclose what part of the crops levied upon were "crops made on such land." The attachment writ was in the ordinary form, and commanded the sheriff "to attach and safely keep the lands, tenements, goods, chattels, stocks, interests in stocks, rights, credits, moneys and effects of the defendant, etc."

In short the attachment proceedings, including the affi-davit, writ of attachment and levy of the same, all wholly ignored the Statute of 1901, under and by which the at-tachment is sought to be justified, and on a motion to dissolve the attachment, unless the plaintiff could satisfy the court that defendants were doing or attempting to do something to hinder, delay or defraud their creditors, it was the im-perative duty of the court to grant the motion and dissolve the attachment.

It is true that in the last clause of the affidavit plaintiff makes an attempt to comply with the statute under discus-sion, but this clause relates wholly to the rent of the premises for the year 1902, and as already stated, no action was pend-ing or has ever been instituted to recover the rent for that year.

The language of sec. 3346, "intends to remove, or is re-

moving, or has within thirty days removed,"—is significant as pointing out the time when the acts of the defendant authorize the commencement of an action under this statute. "Intends" refers to future, contemplated action, "is removing," signifies present action; and "has within thirty days removed" limits the backward reach of defendants' acts to thirty days. One of these three acts must exist in order to authorize an attachment under this statute. This affidavit was made on the 20th day of June, 1902, and by no possibility could it authorize an attachment for rent for the year 1901. The crop for that year had been disposed of in December, 1901, as shown by the evidence taken, six months before this action was commenced. Disposition of the crop of 1901 could not therefore at the commencement of this attachment be made the grounds therefor.

And with reference to the present crop, that of 1902, no lien is claimed thereon in the affidavit for attachment, except for the rent of 1902, and with reference to property levied on, other than crops growing or grown on the land, there has been no attachment proceedings commenced which would justify the levy thereon at all. Without any regard to the merits of the case which remains yet to be tried, it is manifest that the order of the court below dissolving the attachment was right and must be affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.