## CRUMP et al. v. SADLER et al.

No. 3282.    Opinion Filed November 25, 1913.

(136 Pac. 1102.)

1.  **LANDLORD AND TENANT—Rent —When Payable.** Rent for use of agricultural lands, payable in a stipulated share of the crop grown thereon, is due and payable when the crop matures and is ready for harvesting or market.

2.  **SAME—Instructions.** In the trial of an action for rent by a landlord against a tenant, it is error to instruct the jury that the tenant has "a reasonable time" to pay the rent after removal of part of the crop from the premises.

3.  **SAME — Chattel Mortgages — Priority of Liens.** The statutory lien for rent given a landlord on crops grown on agricultural lands, by section 3806, Rev. Laws 1910, is superior to a mortgage lien given by a tenant to a third party on such crops, and may be enforced by attachment without regard to such mortgage.

(Syllabus by Galbraith, C.)

*Error from County Court, Jefferson County;*
*B. T. Price, Judge.*

Action by D. C. Crump and S. R. Garner against R. L. Sadler and W. R. Donagan for rent, and plaintiffs caused attachment to issue and the crops grown on the leased premises to be seized. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*Harper & Dillard,* for plaintiffs in error.

*Bridges & Vertrees,* for defendants in error.

Opinion by GALBRAITH, C. D. C. Crump was the assignee of a rental contract entered into on the 22d day of December, 1910, whereby 60 acres of land, being part of the N. E. ¼ of section 2, township 8 S., range 7 W., in Jefferson county, Okla., were "demised and leased" to the defendant in error R. L. Sadler, for one year from that date. This lease provided that the land should be planted in cotton and that the lessee should "pay as rent money one-fourth of all the cotton grown thereon." It further provided that "the land that is not in cultivation shall be cleared of brush and might be planted to melons or any other crops that Sadler might wish," making no provision for the payment of rent for any of the land, except that which was to be planted to cotton. This lease was assigned to D. C. Crump on the day of its execution. August 7, 1911, Crump brought an action in the justice court of Wray township, Jefferson county, against Sadler for the recovery of the sum of $165, alleged to be due as rent under said lease, and at the same time caused an attachment to be issued and the crops grown on the leased premises to be seized thereunder. The result of the trial of the cause in the justice court was in favor of the plaintiff for full amount claimed and foreclosure of the attachment lien. An appeal was perfected to the county court, and when the cause was called for trial one W. R. Donagan, a mortgagee of Sadler's, was permitted by the court to file an interplea therein. Afterwards Donagan filed a motion to dissolve the attachment on the ground that he had a mortgage on the crops at the time the attachment was issued and served, and that the amount of his mortgage had not been paid to the county treasurer or tendered or offered to him prior to the levy of the attachment. This motion was sustained by the court and exception saved by the plaintiff. The trial in the county court resulted in a judgment for the defendants, and an appeal was perfected to this court by Crump and S. R. Garner, who was made a party plaintiff in the county court on account of his having purchased an interest in the lease assigned to Crump.

One of the errors assigned is the ruling of the trial court in dissolving the attachment. The theory upon which the court

sustained this motion was that the interpleader had a mortgage on the property attached, and that the amount of the mortgage had not been paid to the county treasurer or a tender of the amount made to the mortgagee prior to the levy of the attachment, and on that account the attachment was void. This was error. The lease contract between Mrs. Hightower and Sadler clearly created the relation of landlord and tenant between the parties thereto, and, when Mrs. Hightower assigned her interest in this lease to Crump, the relation of landlord and tenant existed between Crump and Sadler. The statute (section 3806, Rev. Laws 1910) gave Crump, as landlord, a lien on the crops grown upon the leased premises for the year 1911. This statute reads as follows:

"Any rent due for farming land shall be a lien on the crop growing or made on the (leased) premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

Although the mortgage from Sadler to Donagan bore the same date as the lease, to wit, December 22, 1910, and apparently was intended to cover the crops to be grown upon the leased premises, however, Sadler could not defeat the landlord's lien on the crops by the execution of this mortgage. The landlord's lien was superior to the mortgage lien. *Turner v. Wilcox,* 32 Okla. 56, 121 Pac. 658, 40 L. R. A. (N. S.) 498; *Tootle-Wheeler Merc. Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259; *Greeley v. Greeley,* 12 Okla. 659, 73 Pac. 295. Section 3809, Rev. Laws 1910, authorized the attachment to issue if the conditions prescribed therein existed at the time of the commencement of the suit before the justice of the peace. The statute reads:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has, within thirty days, removed his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of rent for which such person is liable, and one or more

of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

Complaint is also made of paragraph 6 of the court's instruction to the jury, wherein the court told the jury that if the defendant removed any part of the crop from the premises without the consent of the landlord, and did not pay the rent "within a reasonable time," then the landlord had the right to sue and attach the crops. This is not the law, and the giving of this instruction was error. When rent is payable in a share of the crop grown on the leased premises, it is due when the product is mature and ready for market. The statute does not give the defendant a reasonable time to pay the rent, but prescribes that, if he shall remove any part of the crop from the leased premises without the consent of the landlord, then the landlord has the right to sue out an attachment and seize the crop.

Complaint is also made of another instruction of the court wherein the jury were told that, if the plaintiff by attachment seized the crops grown upon the leased premises, and thereby took it out of the power of the defendant to pay the rent, the plaintiff cannot complain, and in that event they should find for the defendant. This is not the law, and the giving of this instruction was error.

It appears from the written lease that no rent was provided for the land that might be planted to melons or any other crop other than cotton, and it also appears from the evidence that Sadler and Crump made an agreement subsequent to the assignment of the lease whereby rent was agreed upon for land that should be planted to melons. The court should have instructed the jury, as a matter of law, that the relations of landlord and tenant existed between Crump and Sadler, and should have told them that if, at the time of the commencement of the suit and the issuance of the writ of attachment, Sadler had removed any part of the crops from the leased premises, without the consent of the landlord, and without paying the rent then due or to become due, and such removal had occurred within 30 days from the commencement of the suit, then the attachment should be

sustained, and that judgment should be given for the plaintiff for the amount of the rent that might be found owing, and sustaining the attachment to that extent. The jury should have been further instructed that the mortgage lien of the interpleader was inferior and subject to the plaintiff's landlord's lien on the crops grown on the leased premises..

On account of the foregoing errors, the judgment appealed from should be reversed, and the cause remanded to the county court of Jefferson county, and a new trial ordered.

By the Court: It is so ordered.