WILLIAMS v. BLACK et al.

No. 5649.    Opinion Filed July 20, 1915.

(150 Pac. 879.)

LIENS—Right To. Under chapter 114, Session Laws 1910-11, which gives laborers a lien "on the production of their labor," a cook who prepares the meals for the men who thresh a crop of wheat has no lien on the wheat threshed, or the money for which it is sold, by reason of such services.

(Syllabus by Brett, C.)

*Error from County Court, Cleveland County;*
*F. B. Swank, Judge.*

Action by J. O. Black and another against A. W. Carlson, Mrs. L. A. Williams interpleading. Judgment for plaintiffs, and defendant Williams brings error. Affirmed.

*James A. Cowan,* for plaintiff in error.

*Geo. A. Fitzsimmons,* for defendants in error J. O. Black and H. C. Black.

Opinion by BRETT, C. This action was commenced in the justice court of Moore township, Cleveland county, by J. O. Black and H. C. Black, as plaintiffs, against A. W. Carlson, who had been operating a threshing machine, as defendant, to recover the sum of $89.78 on an account alleged to be due from Carlson to the Blacks for coal furnished to him. The Blacks garnisheed certain money owed by one Cecil Earlywine to Carlson on a threshing bill. Mrs. L. A. Williams intervened, and set up the fact that Carlson owed her $37.80 for cooking for his threshing outfit, and claimed a lien on the money owed by Earlywine to Carlson, by reason of the fact that she cooked for the thresher hands at the time they threshed Earlywine's wheat. She lost in her contention in the justice court and appealed to the county court and the cause was tried to the county court without a jury and judgment rendered against her, from which judgment she appeals to this court.

There is but one question involved in the case, and that is, Did Mrs. Williams acquire a lien on the wheat threshed, or the money for which it was sold, to the amount of the threshing bill, by reason of having cooked for the hands who threshed the wheat? We think she did not. She relies on chapter 114, 1910-11 Session Laws, to support her contention. The sections pertinent to the

question in the case are sections 1 and 5, which are as follows:

"Section 1.    Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for the same, shall have a lien on the production of their labor, for such work and labor; provided, that such lien shall attach only while the title to the property remains in the original owner."

"Section 5.    Liens created under this act shall take precedence over all other liens whether created prior or subsequent to the laborer's lien herein created and provided."

The lien is given to laborers "on the production of their labor."    But what did she produce?    The statute creating the lien definitely defines upon what it shall be, and limits it to "the production of their labor."    Of the man who breaks the ground and sows the wheat, or tills the cotton or corn, it can justly be said that the wheat, cotton, or the corn is the production of his labor, and "while the title to it remains in the original owner," he has a lien on it.    But to say that the cook, who prepared his meals while he was thus laboring to produce the wheat or cotton or corn, would have a lien on it would be going entirely too far, and is certainly not within the contemplation of the statute.    If that were true, then why would not the miller who ground the meal he ate while producing the crop, and the boy who carried the corn to the mill, also have a lien?    And certainly the cook who prepared the meals of the man who produced the crop, while he was producing it, would be in a position to present as strong, if not stronger claims for a lien than the cook who prepared the meals of the men who threshed the wheat after it was

produced.   We think, under the statute, the trial court properly denied the lien.

The statute fixes the limitations, and the courts cannot go beyond them.   We think the judgment should be affirmed.

By the Court:   It is so ordered.