### WILMERING v. HINKLE.

No. 7297—Opinion Filed Sept. 12, 1916.

Rehearing Denied Oct. 10, 1916.

(160 Pac. 60.)

1. **Landlord and Tenant — Rent — Lien— Requisites.**

The statutory lien given to the landlord is the crops grown upon the rented farm exists independently of a seizure by attachment or other process.

2. **Same—Rent—Lien—Priority.**

The statutory lien given to the landlord in paramount to the rights of one who purchases from the tenant a crop which is yet upon the leased premises, as the purchaser takes same with constructive notice of the landlord's rights and subject to his lien.

(Syllabus by Day, C.)

Error from County Court, Canadian County.

Action by W. W. Hinkle against William Kime, defendant, and Henry Wilmering interpleader. Judgment for plaintiff, and interpleader brings error. Affirmed.

F. W. Fisher, for plaintiff in error.

James A. Cowan, for defendant in error.

Opinion by DAY, C. W. W. Hinkle sued William Kime in the county court for a balance due and unpaid for rent for the year 1914, and at the same time and in the same action sued out a writ of attachment to enforce his lien against the crops grown on the farm during said year.

It appears that summons was duly served and the writ of attachment duly executed. save that the officer left the crop consisting of oats in a bin, and baled oat straw and some corn on the premises and in the possession of the defendant Kime.

Plaintiff in error. Henry Wilmering filed an interplea claiming said property by purchase from Kime without notice of the attachment and without notice of the lien of the plaintiff Hinkle. A jury being waived. the cause was tried to the court. and the defendant Kime defaulting. judgment was rendered in favor of plaintiff against him. The issues between the interpleader and plaintiff were then tried, resulting in judgment against the interpleader. from which this appeal is prosecuted.

Plaintiff in error contends that the levy of the attachment was ineffectual for the reason that the attached property was left in the possession of the defendant. Conceding, without deciding, that the contention of plaintiff in error in this regard is correct. that question is not material here.

The undisputed facts disclose that Kime was the tenant of Hinkle and owed him a balance on rent due and unpaid. and that the oats, corn, and oat straw was grown and stored on the premises during the year 1914, and during said year and while such property was thus stored. plaintiff in error, while present in person, on the premises purchased same from the tenant, Kime.

Section 3806, Rev. Laws, 1910. provides:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

This section of the statute was adopted from Kansas, and was construed by the Supreme Court of that state prior to its adoption here in the case of Scully v. Porter, 57 Kan. 322, 46 Pac. 313. In that case, under a state of facts similar to the instant case, it was held that the landlord had a lien upon the crop, which continued until the rent was paid or until the lien was waived, relinquished, lost or otherwise divested, and that the lien exists by force of the statute

independently of the levy of an attachment; and so long as the crops remain upon the premises the lien will prevail over the claim of a purchaser. And toward the conclusion of the opinion, the following language is used:

"The statutory lien given to the landlord is paramount to the rights of any one who purchases from the tenant a crop which is yet upon the leased premises."

Under the authority of the Kansas case, supra, plaintiff in error having purchased the oats, corn and oat straw grown and yet on the premises, took same with constructive notice of the landlord's rights and subject to his lien.

Finding no error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.