## FULLER v. RIPPIE.

No. 7120—Opinion Filed Jan. 2, 1917.

(163 Pac. 127.)

**Landlord and Tenant—Distraint for Rent.**

The assignee of a promissory note given in payment of rent is without authority to distrain for rent, unless he is also the assignee of the reversion.

(Syllabus by Higgins, C.)

Error from County Court, Grady County; R. E. Davenport, Judge.

Action by W. G. Fuller against John Rippie. Judgment for defendant, and plaintiff brings error. Affirmed.

Bond, Melton & Melton, for plaintiff in error.

Holding & Herr, for defendant in error.

Opinion by HIGGINS, C. For convenience the parties to this suit will be designated as they were in the trial court. The plaintiff herein brought suit in a justice of the peace court against the defendant upon a note given in the sum of $175, and at the same time filed an affidavit, and an attachment is issued against the crops of the defendant, as provided in section 3809 of the Revised Laws of 1910, and an appeal was taken from the judgment of the justice of the peace to the county court, and the parties to this suit therein stipulated and agreed that the plaintiff herein was the assignee of the note given for the payment of rent, but was not the assignee of the reversion; that the defendant was a sublessee of the tenant who gave the note, and had assumed and agreed to pay the same. The judgment of the county court dissolved the attachment, from which judgment an appeal has been taken to this court.

The only issue involved in this action is whether or not an assignee of a note given for rent can avail himself of the remedy by distress as provided in section 3809 above, or in other words, can the assignee of a rent note, who is not the assignee of the reversion, have a landlord's lien on the crop grown on the land to secure payment thereof. Sec-

tion 3806 of the Revised Laws of 1910 reads as follows:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment * * * as hereafter provided."

And section 3809 reads as follows:

"Any person who shall be liable to pay rent * * * intends to remove, or is removing, or has, within 30 days, removed, his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of the rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, and attachment shall issue in the same manner and with like effect as is provided by law in other actions."

The question whether or not the plaintiff can avail himself of the remedy by distress depends solely upon the construction given our statute. It is contended by the plaintiff that the words "the person to whom the rent is owing may commence an action" are broad enough to authorize an assignee of the note to commence the action, and cites as his authority Crump v. Sadler, 41 Okla. 26, 136 Pac. 1102; Taylor v. Nelson, 54 Miss. 524; Newman v. Bank of Greenville, 66 Miss, 323, 5 South. 753; Hollingsworth v. Hill, 69 Miss. 73, 10 South. 450. These authorities either indicate an assignment of the conversion, or statutory authority for the assignee of a note to distrain for rent. In our statutes the words "the person to whom the rent is owing may commence an action" are word for word the language of the Kentucky statute, and the Kentucky Court of Appeals, in passing upon this statute, in the case of Hutsell v. Bank, 102 Ky. 410, 43 S. W. 469, 39 L. R. A. 403, lays down the following rule:

"An assignee of a note given for rent, who is not the assignee of the reversion, cannot avail himself of the remedy by distress."

The Court of Civil Appeals of Texas, in Manis v. Flood, 19 Tex. Civ. App 591. 47 S. W. 1017, passes on a similar statute. It is therein held that one must have, not only an assignment of the rent, but a transfer of the reversion to distrain for rent.

The authority given landlords to distrain for rent is a harsh remedy, and we do not believe it was intended to give the assignee of negotiable paper all the power that a landlord has to distrain rent for payment of same. We are therefore of the opinion that an assignee of a rent note, who is not an assignee of the reversion, is without authority

of law to distrain for rent, and we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.