### STALLINGS v. KEY et al.

No. 24696.   March 23, 1937.

Rehearing Denied June 15, 1937.

W. E. Hudson, R. D. Hudson, Thomas A. Aggas, and John W. Hunt, for plaintiff in error.

Bostick & Hindman, for defendant in error Charles Key.

Carter Smith, for defendant in error Tony George.

BAYLESS, V. C. J. This is an appeal from the common pleas court of Tulsa county, Okla., wherein T. W. Stallings, plaintiff in error, plaintiff below, instituted a suit to foreclose a lien against Tony George, defendant in error and defendant below, for the balance due on a cash rent contract for unpaid farm rent for that crop year, and attached the crops grown by the defendant. While this case was pending, Charles Key filed another suit in the same court against the plaintiff, the defendant, and McNeill, a constable. By agreement the cases were consolidated and the case against McNeill was dismissed as to him. It was the contention of Charles Key that the defendant Tony George was indebted to him in the sum of $85.27 for his labor in producing the crops on the land in question. The defendant Tony George did not make any defense, and the question of title to the property was not raised. The case was tried to the court, but the record consists only of the pleadings of Stallings and Key and the journal entry of judgment. The court found that Key's lien for labor should take precedence over Stallings' landlord's lien.

Stallings appeals to this court contending that the trial court erred in holding Key's laborer's lien was entitled to priority over his landlord's lien.

Sections 10919 and 10920, O. S. 1931, which refer to landlord and tenant, give the landlord a lien on the crops of the tenant with the right to attach the same. The laborer's lien statutes are 11007 and 11011, O. S. 1931, and read as follows:

"11007. Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for the same, shall have a lien on the production of their labor, for such work and labor; provided, that such lien shall attach only while the title to the property remains in the original owner."

"11011. Liens created under this act take precedence over all other liens whether created prior or subsequent to the laborer's lien herein created and provided."

Our attention has not been called to any case where we have passed directly on the question of whether a farm laborer comes within the meaning of "laborers" in section 11007, and as a consequence would be entitled to a lien upon the farm products which his labor had helped to produce. In the case of Williams v. Black, 50 Okla. 384, 150 P. 879, the following dictum appeared:

"The statute creating the lien definitely defines upon what it shall be, and limits it to the production of their labor. Of the man who breaks the ground and sows the wheat, or tills the cotton or corn, it can justly be said that the wheat, or the cotton, or the corn is the production of his labor, and 'while the title to it remains in the original owner,' he has a lien on it."

In the case of Morley v. McCaskey, 134 Okla. 50, 270 P. 1107, in discussing the principles which underlie legislation giving laborers liens for their services and in commenting upon the policy of the Legislature in so doing, we said:

"A laborer ordinarily is a person without particular training and who is employed at manual labor under a contract terminable at will. * * * The purpose of the statute is to protect a class of persons rarely able to protect themselves, and who, from the laborious nature of their occupations and the necessity of earning their daily bread by daily toil, have not time, opportunity, or training sufficient to inform themselves as to the financial responsibility of the parties for whom they work."

In the absence of a statute, no lien exists for labor or services performed (2 C. J. 1009), and in many states which have provided for liens for laborers in the general terms our Legislature used in section 11007, supra, the courts have construed the term laborer to include farm laborers. Saloy v. Dragon, 37 La. Ann. 71; Hester v. Allen, 52 Miss. 162; Mudgett v. Texas Tobacco Growing & Mfg. Co. (Tex. Civ. App.) 61 S. W. 149; Betts v. Ratliff, 50 Miss. 561; Emerson v. Hedrick, 42 Ark. 263; Grisson v. Pickett, 98 N. C. 54, 3 S. E. 921,; Faircloth v. Webb, 125 Ga. 230, 53 S. E. 592, and several Pennsylvania cases.

Plaintiff in error contends that after this court rendered the opinion in Williams v. Black, supra, the Legislature enacted chapter 187, S. L. 1917 (secs. 11001 to 11006, O. S. 1931), and since these statutes relate to a laborer's lien and are special statutes, and since section 11011, O. S. 1931, was not re-enacted, it was the intention of the Legislature to repeal by implication section 11011, O. S. 1931, which gave the laborer's lien precedence over other liens.

As a general rule, it is true where there is one statute dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized; however, there is no repugnancy between chapter 187, S. L. 1917, and section 11011, O. S. 1931. Furthermore, it is to be observed that in the repealing clause of chapter 187, S. L. 1917, section 3858, R. L. 1910, was the only section repealed.

Since the legislative act signified the particular section it intended to repeal, and since section 11011 was not repealed in said act, we are of the opinion, and so hold, that the Legislature did not intend to repeal section 11011, O. S. 1931, by implication.

Judgment affirmed.

RILEY, WELCH, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and BUSBY, J., dissent. PHELPS, J., absent.