SHELP v. LEWIS.

No. 29637. Nov. 12, 1940.

*107 P. 2d 360.*

John P. Fullerton and P. G. Fullerton, both of Lawton, for plaintiff in error.

John W. Tyree, of Lawton, for defendant in error.

PER CURIAM. Plaintiff in error, hereinafter referred to as intervener, filed his petition in intervention in the district court in an action wherein defendant in error, as plaintiff, hereinafter so designated, had attached certain property which consisted of hay grown on the leased premises while said premises were in the possession of T. C. Matlock, defendant, as tenant. The purpose of the action as filed by the plaintiff was to enforce a landlord's lien against her tenant. A judgment was entered for the plaintiff. Intervener filed a motion for new trial and a new trial was granted, whereupon the cause was again submitted to the trial court on an agreed statement of facts. Plaintiff had at-

tached the hay which it was claimed had been bought by the intervener from the tenant. Judgment was for the plaintiff sustaining the attachment, and the intervener has appealed and presents three allegations of error which he has briefed in as many specifications of error.

It is first contended that there are certain irregularities in the attachment proceedings. Intervener chose to intervene in the attachment proceeding as his method of claiming the title to the property involved and by appropriate proceedings laid claim to the hay attached. Under such conditions he cannot question the regularity of the attachment proceedings. It is a general rule that an intervener in an attachment proceeding cannot assail the regularity of such proceedings. 36 C.J. 447, § 1402; Houston Real Estate Inv. Co. v. Hechler, 44 Utah, 64, 138 P. 1159.

It is next contended that under the provisions of section 10921, O. S. 1931, 41 Okla. St. Ann. § 26, the plaintiff has the exclusive remedy of a suit against the intervener for debt. With this contention we cannot agree. Under the plain provisions of section 10919, O. S. 1931, 41 Okla. St. Ann. § 23, any rent due for farming land is a lien upon the crop growing or made upon the premises and the lien may be enforced by attachment. Intervener contends that this court has never passed directly on this question insofar as it includes the right to attach chattels removed from the leasehold estate and in the possession of third parties. This court has recognized the right to enforce the landlord's lien as against third parties in certain cases in Crump v. Sadler, 41 Okla. 26, 136 P. 1102. See, also, Mangum v. Stadel, 76 Kan. 764, 92 P. 1092. Since the defendant acquired his rights while the crop was still on the premises, see Willmering v. Hinkle, 61 Okla. 82, 160 P. 60, when the above statute and cases mentioned are considered, we are of the opinion that a reasonable construction warrants the enforcement of the lien by attachment in the hands of the purchaser from the tenant.

In the third specification of error intervener alleges that he had a lien under the provisions of section 11007, O.S. 1931, 42 Okla. St. Ann. § 92, as construed in Stallings v. Key, 180 Okla. 238, 68 P. 2d 842, for the labor performed in cutting the hay. Plaintiff replies that the agreed statement of fact shows that the intervener only furnished material and labor to cut and harvest the hay, and that under the holding of this court in Shefts Supply Co. v. Brady, 170 Okla. 590, 41 P. 2d 820, such laborer's lien is not enforceable by a person who furnished material and labor and does not perform substantial labor himself. We shall not determine this question for the reason that the intervener does not assert a lien under the terms of section 11007, supra, but asserts and relies upon title by purchase.

We are of the opinion, and hold, that the plaintiff had a lien under the facts and circumstances of this case enforceable against the defendant and the intervener, and finding no error in the judgment of the court, the same is affirmed.

BAYLESS, C.J., WELCH, V.C.J., and GIBSON, HURST, and NEFF, JJ., concur.