JUDGE HARDIN
delivered the opinion op the court:
On the 30th day of January, 1866, W. W. Smith and V. M. Smith, his wife, as principals, and T. M- Smith and Reuben B. Smith, as their sureties, executed their covenant to James F. Middleton, stipulating that they would pay said Middleton six hundred dollars on the 25th of December, 1866, for the rent of a farm for a term ending at that time.
Afterwards, and while 'W. W. Smith and wife occupied the leased premises as tenants of Middleton, two executions were issued against W. W. Smith, one of them in favor of Marion Duvall, and assigned to Sarah W. Wells, administratrix of W. W. Wells, deceased, and the other in favor of said administratrix, both amounting to four hundred and twenty-two dollars and twenty-five cents, which were levied by the sheriff on twenty-five fat hogs as the property of the defendant on the leased premises; and said Reuben B. Smith *94 claiming the property, caused the sale of the hogs to be suspended by executing a bond, as required by section 713 of the Civil Code of Practice, in the sum of five hundred and twenty-five dollars, being the appraised value of the hogs and ten per cent, thereon.
Subsequently, Reuben B. Smith obtained from Middleton the obligation given him for rent, with the following assignment:
“Reuben B. Smith, the security on the within bond, having paid me the six hundred dollars secured to be paid herein, I hereby assign to him the said claim of six hundred dollars, the amount of rent agreed to be paid herein, and substitute him to all my rights as landlord, to enable him to collect the said rent. I retain, however, all my claim and right against all the obligors in the bond for the performance of all the other conditions and obligations set forth herein. December 14th, 1866. • Jas. F. Middleton.”
On the 6th day of September, 1867, the appellee moved the court for a judgment on the bond of Reuben B. Smith and W. W. Smith, upon filing a notice executed on. them, the body of which is as follows:
“ Take notice, that I will, on Saturday, the 6th day of September term, 1867, of the Shelby circuit court, make a motion in said court for a judgment on your bond, executed by you to me on November 4th, 1866, attested by G. M. Harbison, sheriff of Shelby county, in the case of Sarah W. Wells, administratrix of W. W. Smith.”
Upon hearing the motion, the court adjudged “that the plaintiff recover of the defendant, Reuben Smith, the sum of three hundred and thirty dollars and fifty-three cents” and costs, “ and also the ten per cent, in damages, as agreed to in bond herein.” And the defendant has appealed to this court.
*95 It is insisted for the appellant — 1st. That the court erred in overruling a motion which was made to dismiss the proceeding, on the ground that the notice did not state the nature and grounds of the motion; 2d. That as it was shown the hogs were in the possession of Middleton’s tenant on the leased premises, for the rent of which the appellant was responsible, he had a right to cause the sale to be suspended by giving bond as a claimant, for the reason that a lien existed on the property which he might have enforced for his relief as surety for the rent; and that the subsequent transfer from Middleton vested in him a complete paramount lien on the property, constituting a valid defense to the motion of the appellee; 3d. That the judgment as to damages is irregular and erroneous.
As supporting the first objection taken to the judgment, we are referred to the 481st section of the Civil Code, which requires, in certain summary proceedings upon notice, and motion, that “ the notice shall state, in plain and ordinary language, the nature and grounds of the motion.”
This proceeding, although a special one, is not, we think, of the class of summary proceedings to which the requirements of said section 481 were intended to apply, where the party proceeded against must necessarily look to the facts stated in the notice for the grounds of the motion ; as in the case of a surety against his principal, or a client against an attorney; but the remedy is given upon the bond by the 716th section of the Code, in these words: “ The party to whom the bond is executed may move the court to which it is returned for a judgment thereon against all or any of the obligors or their representatives, having given to them ten days’ notice of the motion.'1''
*96 It seems to us the notice in this case, considered in connection with the bond, was sufficiently explicit, and the court properly refused to dismiss the motion for insufficiency of notice.
The second ground on which a reversal is sought, involves the inquiry whether Middleton did or not, in talcing personal security for the rent, waive his lien on the tenant’s property; and if he did not so waive this lien, whether the appellant, in consequence of his suretyship, as the assignment of Middleton, had a claim on the property of W. W. Smith, which should have been preferred to that acquired by the levy of the appellee’s executions. By the provisions of the Revised Statutes, in relation to landlords and tenants, as amended in 1858 (2 Stanton, 99), it is provided, “ that a landlord shall have an exclusive lien on the produce of the farm or premises rented;' on the fixtures; on the household furniture, and other personal property of the tenant, or under tenant, found upon the rented premises, after the possession is taken under the lease.”
Although it has been held, under particular circumstances, that a vendor may waive his lien for purchase money by the acceptance of other security, the principle of such decision is not, we think, applicable to this case. There is nothing in the acceptance of personal security for the rent inconsistent with the lien conferred by the statute in a case like this, where there is no evidence of an intention to treat the original claim as discharged by the acceptance of any mere obligation, or the creation of a new debt; and it seems to us that a lien existed for the rent, although other security was taken.
We are also of the opinion that the assignment of Middleton was sufficient to substitute the appellant to *97 the claim of Middleton and the lien to secure its payment; and on the trial of the motion, which involved the question whether the property was subject to the executions or not, the appellant was in the same position which Middleton might have occupied, if he had retained his debt, and controverted the appellee’s claim to subject the property under her executions.
As the value of the property appears to have been less than the appellant’s claim, the appellee was not, in our opinion, entitled to any recovery. The judgment is also erroneous in ordering the payment of damages by reference to the bond, without ascertaining any specific sum to be so recovered.
Wherefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.