Pitkin & Brooks v. Fletcher and Davis.

1. **Mortgage**: WHEN NOT RECORDED. An unrecorded chattel mortgage is not valid as against a mortgage subsequently executed and entered of record.

2. ———: LANDLORD'S LIEN. By taking a mortgage which, from a failure to record it, cannot be enforced, a landlord does not lose his landlord's lien upon the property of his tenant.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 19.

THIS is an action upon a promissory note, dated May 29, 1876, executed by defendant Fletcher to plaintiffs, and to

enforce the lien of a chattel mortgage of the same date, executed upon a stock of goods, wares and merchandise to secure said note. The petition alleges that the defendant Davis claims to have an interest in or lien upon the goods described in the chattel mortgage, but avers that his lien is junior and inferior to that of plaintiffs.

The defendant Davis for answer alleges, in substance, that on the 18th day of November, 1875, he rented to the defendant Fletcher a certain building for the term of three years from December 1, 1875, at the yearly rent of $420, to be paid in sums of $35 monthly in advance, which contract was in writing; that under said lease Fletcher took possession of said property on the first day of December, 1875, and brought upon the same a stock of groceries of the value of $1000; that said stock was not replenished after the store was opened for business; that the whole amount of rent agreed to be paid was $1260; that there is now accrued and due on said lease $350, of which $140 has been paid, leaving a balance of $210; that by virtue of the stipulations of the lease, and under Sec. 2017 of the Code of 1873, he has a lien upon said stock of goods from December 1, 1875, for the whole rent of $1260; that the mortgage of plaintiffs was placed upon said goods while said Fletcher was in possession of said store under said lease and on the 29th of May, 1876, and is junior to plaintiffs' landlord's lien aforesaid; that the defendant Fletcher, on or about the 15th day of June, 1876, commenced selling out said stock in job lots, for the purpose of cheating and defrauding defendant, and on the 26th of June defendant instituted proceedings in this court for the enforcement of his landlord's lien upon said goods, and caused them to be attached; that at the time of the attachment the goods were of the value of $450, and not sufficient to pay or secure defendant for his rent. Defendant asks that his lien be declared superior to plaintiffs: The lease is dated November 18, 1875, and it was filed for record and recorded on the 24th day of June, 1876. The portion of it material to an understanding of the present controversy is as follows: "And the said second party, in consideration of this lease, and the covenants herein contained, on the part of the said first party,

hereby covenants and agrees to pay said first party the aforesaid yearly rent of $420, in manner and form hereinbefore specified; hereby covenants that said rents, whether due or to become due, shall be a perpetual lien on any and all property brought upon the demised premises, and said lien begins at this date, and this instrument as to said lien is a chattel mortgage and may be foreclosed, and, whether the same be exempt from execution or not, said property may be sold at auction on ten day's notice by the legal owners of this lease, or their agent, to the highest bidder for cash. And said second party further agrees that if any of the rents here specified shall become due and remain unpaid for the period of ten days, then and in that case it shall be optional with said first party to declare this lease void, and upon giving three days notice thereof enter upon said premises and remove all persons therefrom without process of law, or by forcible entry and detainer, or any other process of law, at the election of the lessor. And the said second party further covenants that in case immediate possession be not given, on forfeiture of this lease, or at the expiration of the full term thereof, to pay to said first party the sum of ten dollars for each and every day said premises shall thus be withheld." To this answer the plaintiffs demurred. Before argument of the demurrer it was ordered that the cause of *Davis v. Fletcher and Pitkin & Brooks*, in which Davis proceeded in attachment for his rent, setting up his lease and claiming a landlord's lien; and the cause of *Pitkin & Brooks v. Hickox, sheriff*, in which plaintiffs sued in detinue, claiming the goods under their mortgage, be consolidated with this cause. The court overruled the demurrer, and plaintiffs elected to stand thereon. The court rendered judgment in favor of defendant Davis against defendant Fletcher for $210, the amount of rent due, and established Davis' lien superior to that of plaintiffs under their mortgage. The court also rendered judgment in favor of plaintiffs against the defendant Fletcher for the sum of $258.70, and established a lien therefor upon the mortgaged property junior and inferior to the lien of Davis. The plaintiffs appeal.

*H. C. Henderson* and *Merriman & Hammond,* for appellants.

No argument for appellee.

DAY, CH. J. — I.   It is claimed that the lease of appellee is void as against appellants, not having been recorded.   In support of this position appellants cite and rely upon section 1922 of the Code.   There are two reasons why this section can have no application to this case: 1. This section applies only to personal property.   2. It applies to cases wherein the transfer of title or ownership is made to depend upon a condition.

II.   It is contended by appellants that the lease, in so far as it creates a specific mortgage lien, is void as against the creditors of the lessee, because not recorded as a chattel mortgage in conformity with the provisions of section 1923 of the Code.   It may be conceded that, in so far as this lease constitutes a mortgage, it is not valid as against the plaintiffs inasmuch as it was not recorded when the mortgage to plaintiffs was executed.

*1. MORTGAGE: when not recorded.*

III.   It is claimed that appellee waived his landlord's lien, if he had any, and divested himself of the right to rely upon it, by taking the distinct chattel mortgage security upon the property of the tenant.   In other words, the position of appellants is this: the chattel mortgage is void, as to plaintiffs, not having been recorded, and by the taking of this void chattel mortgage appellee has lost his landlord's lien. This position certainly cannot be sound.   The authorities cited by appellants do not sustain the position for which they contend.   None of them holds that a lien is waived or lost by taking security not enforceable against third parties.   Some of them hold that the lien will be regarded as waived whenever from the circumstances the court can infer that the lien was not relied upon.   See *Cowl et al. v. Varnum,* 37 Ill., 185.   In this case the mere fact that appellee did not record his mortgage, and put it in a condition to create an available lien, is very strong proof that he relied upon, and did not intend to waive, his landlord's lien.   The judgment is

*2. ———: landlord's lien.*

AFFIRMED.