## COLE v. TURNER.

### Opinion delivered June 23, 1913.

LANDLORD AND TENANT—LANDLORD'S LIEN—WAIVER.—Where a landlord makes advances to his tenant and takes as security the tenant's note with a surety thereon, and agrees to a transfer of the lease from the tenant to a subtenant, and in order to collect the amount of his advance, recovers judgment against the tenant and surety, the landlord will be held to have waived, by his conduct, his landlord's lien upon the crops of the tenants.

Appeal from Poinsett Chancery Court; *Charles D. Frierson*, Chancellor; affirmed.

*L. C. Going*, for appellant.

1. Sarter had a lien upon the property attached as against Pickett and Furnatta, and such lien was not waived by taking a note with personal security. Kirby's Dig., § 5033; 36 Ark. 96.

2. The purchase of the crop by appellee was subject to the landlord's lien. 70 Ark. 79; 69 Ark. 306; 72 Ark. 132; 69 Ark. 551.

3. Cole is entitled to be subrogated to the rights of Sarter. 37 Cyc. 414; 14 Barb. (N. Y.) 481; 39 N. C. 22; 14 O. St. 376; 19 Am. Dec. 629; 110 Ala. 479; 115 Ill. 431; 94 Ill. 165; 70 N. C. 125; 68 Ark. 449; 139 S. W. 645; 69 Ark. 43; 145 S. W. 567.

*Appellee, pro se.*

The lien of a landlord for rent and supplies exists only as between the landlord and tenant, is personal only

to this relàtionship, and is not assignable. 31 Ark. 597; 36 Ark. 567; 39 Ark. 346; Kirby's Dig., § 5032. Appellant has no right of subrogation.

HART, J. J. A. Sarter owned a farm in Poinsett County, and in the year 1911 rented it to Pickett and Furnatta to be worked by them upon shares. For the purpose of enabling them to plant and grow their crops he furnished them one hundred bushels of corn and took their note for $65, the purchase price thereof, with B. F. Cole as surety. Cole was a merchant and took a mortgage on the crop for supplies to be furnished the tenants during the year. About the 1st of November, Furnatta sold his interest in the crop to Pickett. Then Pickett made an exchange of gathering crops with W. H. Turner, his brother-in-law, who lived in another county. Some weeks later Pickett sold his interest in the crop to Turner and told Sarter, his landlord, about it. About a week later, Turner also told Sarter that he had purchased the crop. Turner finished gathering the crop and he and Pickett paid off the mortgage which Pickett had given to Cole on the crop. They also paid the rent. Later on Sarter went to Cole and demanded the payment of the note on which he was surety for the purchase price of the corn furnished by him to his tenants. Then he brought suit against Cole and the makers of the note and recovered judgment. Cole paid the judgment. Cole said that he asked Sarter why he did not remind him that the note was not paid before he had released his mortgage on the crop, and that Sarter told him that he thought it was not necessary because the tenants would take care of the note.

Cole brought this suit against Turner and asked that he be subrogated to the landlord's lien upon the crop for advances made by him.

The chancellor found for the defendant, and the plaintiff has appealed.

We need not decide the question of whether Cole was entitled to be subrogated to the landlord's lien for supplies furnished his tenants because we hold that the landlord, by his conduct, has waived his lien for rent and ad-

vances made to his tenant by taking a note therefor with personal security. 24 Cyc. 1273. This is so because there is nothing in the acceptance of personal security inconsistent with the lien conferred by the statute for rent or advances where there is no evidence of an intention on the part of the landlord to treat the original claim as discharged by the acceptance of a note with personal security. Under the state of facts disclosed by the record in the instant case, we are of the opinion, however, that the landlord, by his conduct, waived his lien for the advances made to his tenants. He admits that Pickett told him that he had sold his interest in the crop to Turner, and that about a week later Turner told him that he had bought out Pickett. The landlord made no objection to the sale, and acquiesced in it.

Subsequently, he received payments of his rents and made no attempt whatever to assert any lien for supplies furnished by him to his tenants. Subsequently, he brought suit against the tenants and the surety on the note, and recovered judgment against them. He at no time attempted to assert any lien for the advances made, and by his conduct, showed that he assented to the tenants' sale of the crop, and relied wholly upon the personal security he received when the note was executed for its payment. His whole conduct shows that he did not intend to rely upon his landlord's lien for the satisfaction of the note. We hold that under the circumstances, his conduct was inconsistent with an intention on his part to retain and enforce his lien against his tenant. Underhill on Landlord and Tenant, vol. 2, par. 846.

Therefore, the decree will be affirmed.