### STEPHENS v. COX.   (No. 6601.)

(Court of Civil Appeals of Texas. Austin. Oct. 31, 1923.)

**1. Landlord and tenant ⚖️248(1)—Landlord's lien prior and superior to tenant's homestead claim.**

A landlord's lien for rent or supplies furnished, being created by statute at the time of making the contract, is both prior and superior to the tenant's homestead exemption claim, so that crops, though unsevered from the soil and exempt as to other creditors, are not exempt as to the landlord's lien.

**2. Homestead ⚖️83 — Tenant's right not as broad as fee owner's.**

A tenant's homestead right is not as broad as that guaranteed by the Constitution to the owner of a fee title.

**3. Homestead ⚖️96—Rents due from tenant constitute "purchase money" of his homestead rights.**

Rents to be paid by the tenant constitute "purchase money" of his homestead rights in the premises he occupies, within the meaning of the constitutional provision that same shall not be exempt as against a claim for purchase money or taxes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchase Money.]

**4. Landlord and tenant ⚖️254(2)—Lien not waived by adoption of wrong method of enforcement.**

Since a landlord's lien exists by force of statute independent of and not by levy of process, the adoption of the wrong method of enforcing it does not operate as a waiver.

On motion for rehearing. Motion overruled.

For original opinion, see 255 S. W. 241.

BAUGH, J. Associate Justice Jenkins, who wrote the opinion in this case, having since resigned and been succeeded by a new member of the court, we have carefully considered the original record and the briefs of the parties, in connection with appellant's motion for a rehearing. We are of the opinion that the case was properly affirmed, though the opinion rendered does not go as fully into one phase of it as we shall now undertake to do.

[1] In his motion, appellant earnestly insists that, the court having found that the premises constituted his homestead at the time of the attachment, unsevered crops situated thereon are exempt under the Constitution and the statutes, and that his landlord by attaching same was guilty of conversion and liable in damages. This contention would unquestionably be true as to other creditors. But we do not think such crops, though unsevered from the soil, are exempt as against a landlord's lien. So far as we are able to find, this particular question has never been decided in Texas. We are of the opinion, however, that a landlord's lien for rents is both prior to and superior to a homestead exemption claim of his tenant. His lien is given existence by law, and though it may not be enforced and foreclosed until rents are due, still it is born of the statute at the very time the lease or rent contract is made. Where advances for supplies are made by a landlord to a tenant before he goes into possession of the premises, such lien, already created by law, immediately becomes operative. We are of the opinion that such lien is operative in favor of the landlord before a homestead exemption accrues to the tenant, and that such exemption must be subject to his lien for rents and advances.

[2, 3] But appellant insists that his homestead exemption is a constitutional right. The homestead right of a tenant in the premises he occupies cannot of necessity be absolute, nor as broad as that guaranteed by the Constitution to the owner of a fee title to his homestead. The tenant's homestead rights are both created by and limited by his contract. They expire when his term expires, and are lost when he breaches his contract and becomes subject to eviction. They necessarily · depend upon the terms of the contract itself. The consideration flowing to the landlord for the rental contract is usually the tenant's payment of rents, or his promise to pay rents. In the case before us the only right of the appellant to occupy the premises as his homestead was based upon his promise to pay rents. He had paid nothing in advance. His landlord had advanced him tools, seed, and feed with which to make a crop; and so far as the tenant was concerned the contract to pay or his promise to pay rents was the purchase price through which he acquired whatever homestead rights or privileges he is entitled to, and he cannot be heard to assert against his landlord a right for which he not only failed to pay, as he agreed to do, but the payment of which he admits that he was fraudulently seeking to avoid. The Constitution does not exempt the homestead against purchase money and taxes. And though this question seems never to have been decided in this state, we are of the opinion that, un-

─────────────

der our Constitution, rents promised to be paid by a tenant constitute the purchase money for his homestead rights in the premises he occupies, and that a tenant is not entitled to claim a homestead exemption in such premises as against the collection of rents by his landlord. And this, we think, is true as to crops on the premises, whether they be severed from the soil or not.

[4] It is not denied by appellant that the appellee had a landlord's lien for his rents, nor that he was entitled to a writ of sequestration or a distress warrant. It is true that his remedy should have been by distress warrant, yet the Supreme Court has held that his lien exists by force of the statutes, and not by the levy of process which the law permits to be used to enforce it. We think, therefore, that the landlord's lien in this case subsisted independent of the process through which he sought to enforce it, and that he did not waive it by causing an attachment to issue, instead of a distress warrant; and, as said by Mr. Justice Jenkins in the opinion written, the attachment in this instance served all the purposes that a distress warrant. could have served, and the appellant has not been injured.

Appellant's motion is therefore overruled. Motion overruled.