## BURMEISTER v. VOIGT.

No. 13516—Opinion Filed March 18, 1924.

Rehearing Denied Nov. 25, 1924.

1. **Landlord and Tenant—Lien on Crop—Waiver by Taking Note for Part of Rent.**

Where the landlord and tenant enter into a written contract by which the tenant is to pay rent, part cash, evidenced by note and security, and part in share of the crop produced, the taking of the note and security, without expressly so provided, does not waive the landlord's lien as to the share part of the crop, and the question as to whether or not the landlord waives his lien to the cash rent, evidenced by the note and security, is a question of fact to be determined by all the facts and circumstances of the case.

2. **Same—Attachment by Landlord Against Tenant—Removal of Crops.**

The landlord is entitled to an attachment where the tenant, (1) "intends to remove, (2) is removing, or (3) has, within thirty days," removed any part of the crop produced on the premises, but where the tenant has done one or all the above acts in compliance with a written contract and there has been no change in the provision to remove by a subsequent agreement, the landlord is not entitled to an attachment.

3. **Same—Effect of Landlord's Consent to Removal.**

Where the landlord enters into a contract with the tenant providing for the removal of the crop from the premises before paying the rent and there is no change in the provisions before the removal, the landlord's lien is waived, as enforcement by attachment cannot be maintained.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Grady County; Will Linn, Judge.

Action by G. W. Burmeister against R. W. Voigt. Judgment for defendant, and plaintiff appeals. Affirmed on condition.

J. B. Pope, for plaintiff in error.

D. M. Cavaness and Bond, Melton & Melton, for defendant in error.

Opinion by THREADGILL, C. The plaintiff in error, plaintiff below, brought suit in the district court of Grady county, against the defendant in error, defendant below, to recover on a note given for rent in the sum of $450, and for share rent, and for damages for failure to cultivate certain land, and to enforce a landlord's lien by attachment, and the parties wil be referred to

herein as they appeared in the district court.

The plaintiff had rented, by written contract, a farm to the defendant for the year 1921, in which contract it was provided that the defendant should pay $450 cash as rent for the alfalfa, pasture, and yard lands. The $450 was evidenced by a note, due October 1, 1921, with interest from date, and secured by personal security, acceptable to the plaintiff as provided in the said contract. The contract further provided that 190 acres of the land were to be cultivated, and plaintiff was to have one-third share rent of all the crops raised, grain to be delivered free of charge at the Farmers' Elevator in the town of Pocasset, kaffir corn up to 10 acres to be paid for in rent by field corn in proportion to the yield of field corn, 50 to 60 acres to be cultivated in oats. Kaffir corn not to exceed 10 acres, and the balance of the land in corn. There were various other provisions as to the manner of taking care of the premises which may be referred to when necessary in determining the rights of the parties.

The plaintiff in his petition states that the defendant only planted 40 acres in oats and did not harvest them, that the oats made an average yield of 20 bushels to the acre, being a total yield of 800 bushels, and plaintiff's part would be 266 bushels, and at the time of harvest worth 25c a bushel in Pocasset, being $66.67; that the defendant failed to cultivate 10 acres in anything, and the same would have produced 30 bushels of corn to the acre, and the plaintiff lost 100 bushels of corn worth 25c a bushel at gathering time, or the sum of $25; that by the failure of the defendant to cultivate 9 acres of the land planted in corn, which would have produced 30 bushels to the acre, plaintiff lost 90 bushels of corn worth 25c a bushel or $22.50; that defendant gathered and hauled to market 1,200 bushels of corn grown on the premises during the year and has accounted to the plaintiff for only 100 bushels of rent corn valued at 25c a bushises, and the plaintiff is entitled to 300 bushels of rent corn valued at 25c a bushel, or the sum of $75; that the defendant permitted his cattle to destroy 300 bushels of corn in the field, and the plaintiff lost thereby $25; that the defendant failed to gather the crop and plaintiff had to hire help and gather same at an expense of $80, and plaintiff claims a lien and had a landlord's attachment issued and levied on all the crops of the defendant to secure the amounts above set out and prays for judg-

ment on the note for $450 with interest from date at 6 per cent. and 10 per cent. from maturity as provided in the contract, for the further sum of $294.17 with 6 per cent. interest from November 15, 1921, and $100 attorneys fees, and that the judgment be made a prior lien upon all the defendant's interest in the crops, and the same foreclosed as provided by law.

The grounds of the attachment claimed that the defendant was indebted to the plaintiff as above stated, and was removing and had within 30 days removed the crops or a part thereof from the premises without paying the rent. The attachment was levied on all the crops, and the plaintiff appointed by the sheriff as custodian of the property. The plaintiff had tried to take possession of the premises and had notified the defendant to quit and leave the same: he had also notified the grain elevators and buyers of grain in Pocasset, the nearest market, not to purchase any of the grain of the defendant. The defendant moved to dissolve the attachment on the ground that the affidavit shows upon its face no cause for the attachment, and that the allegations of the affidavit are not true. The motion was overruled by the court. The defendant filed an answer and cross-petition. The answer is a general and specific denial except the admission of facts in making the contract.

In the cross-petition defendant states that he was using due diligence in gathering the crop and in complying with the contract, and the suit and attachment had unlawfully taken the same out of his hands, and to his loss in the sum of $250; that he was making every effort to gather the grain in September and October and get the same in the market at Pocasset and Minco as provided by the contract, and would have fulfilled the conditions of the contract but for the interference of the plaintiff by notifying the grain buyers not to purchase from him, and but for this interference on the part of the plaintiff he would have paid all his rental liabilities and had $500 left as profit for himself, and he prays for judgment over against the plaintiff for the total sum of $750, and after paying the note of $450, that he have the sum of $300, and $100 attorneys fees. The reply of plaintiff was a general denial. On January 19, 1922, the cause was tried to a jury and resulted in a judgment in favor of defendant for $465, the value of the corn attached, and the further sum of $250 damages, and $100 attorneys fees. and declaring the attachment wrong-

ful and dissolving the same, and cancelling the $450 note, and the plaintiff has appealed by petition in error and case-made, and presents four assignments of error, which he discusses in his brief under five propositions as follows.

1. "That under and by virtue of the terms and provisions of section 3806, Rev. Laws 1910, the plaintiff had a landlord's lien upon all of the crops grown by the defendant upon the leased premises during the year of A. D. 1921, and that plaintiff did not waive such landlord's lien upon said crops to secure the payment of the rent due on the pasture, yards, and alfalfa lands, as evidenced by said promissory note sued upon by reason of the fact said note was executed by the defendant as principal, and William Voigt as surety for the payment of the same.

2. "That under and by virtue of the terms and provisions of said section 3806, Rev. Laws 1910, the plaintiff had a landlord's lien upon all the crops grown by the defendant upon the leased premises during the year of A. D. 1921, to secure the payment of the rents that the defendant agreed to pay in a stipulated share of the crops grown upon said leased premises, and that the defendant intended to remove, was removing, and had within 30 days removed said crops, or a part thereof, from the leased premises, without delivering to the plaintiff his share of such crops so removed from said premises, and by reason thereof the plaintiff was entitled to an attachment upon the crops belonging to the defendant remaining upon the leased premises.

3. "Under any theory of the case, and regardless of whether the attachment was rightfully or wrongfully issued, the verdict and judgment for damages were excessive, and appear to have been given under the influence of passion or prejudice; the assessment of the amount of recovery was erroneous.

4. "The verdict and decision is not sustained by sufficient evidence, is contrary to law, and is in disregard of and contrary to the court's instructions to the jury.

5. "The trial court erred in refusing to admit in evidence in the trial of this cause the testimony offered by plaintiff pertaining to his landlord's lien upon the crops grown upon the leased premises by the defendant during the year of A. D. 1921, to secure the payment of the $450 note, evidencing the rents due the plaintiff by the defendant for the pasture, yards and alfalfa lands, upon the leased premises, and showing that the plaintiff by taking said note signed by the defendant, as principal, and by William Voigt, as surety thereon, did not thereby waive, or intend to waive, his landlord's lien upon said crops to secure the payment of said note for $450 evidencing said rents."

1. Plaintiff contends that under section 3806, Rev. Laws 1910, he had a landlord's lien on all of the crops grown by the defendant on the leased premises during the year 1921 to secure the $450 note, and that this lien was not waived by the note being signed by personal security, and in the trial of the case the court held that the stipulation and agreement of the parties for security for the $450 note, which was given for the use of the alfalfa, yards, and pasture parts of the land, waived the lien, and limits the parties to the expressed contract made, but the other rents and crops not involved in the note and contract for security would be subject to the lien for rents due and unpaid thereon and in connection therewith. The plaintiff contends that the first part of the holding of the court is erroneous and that the court committed error in refusing to allow testimony introduced to show the intention of the parties as to whether or not the lien was waived as to the note, and in refusing to give the plaintiff's requested instruction to the effect that a contract of security for rents does not constitute a waiver of the landlord's lien upon the crops, but at most constitutes a presumption of such a waiver, which may be rebutted by evidence. In support of his contention plaintiff cites many authorities, and, in answering this contention, the defendant argues that security extinguishes the lien without any right to prove intention, and cites many authorities, and both parties concede that the question has not been passed on by this court or the Kansas court, from which state we get our landlord's lien statute. A review of all the authorities will show that the holding of the authorities such as Texas, Colorado, Arkansas, Iowa, Alabama, Missouri, Washington, support the plaintiff's contention, and United States, Mississippi, Tennessee, North Carolina, Vermont, and Michigan, support the defendant's contention. In 17 R. C. L. 608, section 18, under the head of "Liens" both sides of the question are presented in the following language:

"Taking Note or Security. The courts have not agreed upon any harmonious rule as to the effect upon a lien of accepting other security. There is authority for the rule that if a creditor, having a lien on the property of his debtor, takes a distinct security for the debt, the lien will be deemed to have been waived, and will be extinguished, but it is generally held that the question whether a lien has been waived is one of intention to be gathered from the relation of the parties and the circumstances of the case. Merely receiving a promissory note for the amount of the debt does not, unless such was the intention of the parties, waive the lien. The lien will be deemed waived, however, if the note is intended for, and accepted as, payment. Furthermore, taking a note with a surety is generally evidence of an intention to rely on the personal security. But this is only a presumption, and may be rebutted by showing that such was not the real intention of the parties. A person having a lien upon property does not lose it by taking a bill of sale of the same property, the bill of sale being voidable, and having been avoided under the Bankruptcy Act, and there being no evidence of intent to abandon the lien."

There are many authorities cited supporting the statements of this section, and after examining the authorities here and in the briefs of the parties we are persuaded that the rule most in accord with our idea of reason and justice is that whether or not the lien has been waived is a question of intention to be gathered from the relation of the parties and the circumstances of the case as expressed or implied in words, written or spoken, and acts and deeds, and is a question of fact to be determined by the evidence; but where there is a contract in writing which provides that the tenant shall gather the crops and haul the same to market and sell the same and pay the rent, and there is no evidence of an agreement thereafter to change this provision in the contract, the lien would be waived by the written contract, because the grounds of enforcement by attachment would be waived.

The grounds for the attachment are: (1) "Intends" (2) "is removing," or (3) "has, within 30 days removed," the property. Greeley v. Greeley, 12 Okla. 659, 73 Pac. 295.

If the contract provides for the removal the landlord has no ground for attachment. The parties in the case at bar provided for the removal of the crop and made it the duty of the defendant to haul the same to the market, and the right of attachment was waived by this written agreement, and since there was no offer to prove any subsequent agreement in the trial the court was right in ruling out testimony to show the intention of plaintiff by his bare declaration that it was not his intention to waive the lien. This character of evidence proves nothing in the face of a written agreement to the contrary, and the court was also correct in refusing to give the special instruction raising the question of intention.

2. But even if the plaintiff's contention was correct the errors complained of would not be sufficient to reverse the cause for new trial unless the plaintiff was entitled

to the attachment. He might have the lien and still not be entitled to the attachment. Section 7366, Comp. Stat. 1921, provides:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has, within thirty days, removed, his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

Plaintiff's affidavit and bond were sufficient to comply with the statute. The testimony showed that the defendant was removing the crop from the premises in compliance with the written contract between the parties. The plaintiff had received his one-third rent of all the crops produced, and the suit was for the $450 note and damages. All the facts as to damages sustained, and as to the gathering and removal of the crops or any part thereof in compliance with contract or otherwise, were submitted to the jury, under the instructions of the court not objected to by the plaintiff, and the jury found the facts in favor of the defendant, and under the well known rule of this court, this finding will not be disturbed on appeal as the record discloses the evidence sufficient to sustain the same. This being the case the errors of the court in holding the lien waived would be without prejudice to the plaintiff and harmless.

3. Plaintiff's second proposition as to his requested instruction refused by the court being disposed of in the above discussion of the first proposition, we will now consider the third proposition, which complains that the damages awarded by the verdict and judgment are excessive, being rendered under the influence of passion and prejudice. The verdict of the jury was as follows:

"We, the jury, impaneled and sworn in the above entitled cause do upon our oaths find for the defendant and fix the amount of his recovery at $465 the value of the corn attached. The further sum of $250 damages. We further find that the attachment was wrongful and should be dissolved."

The court rendered judgment on this verdict and added $100 for attorneys fees, and cancelled the plaintiff's $450 note, with its accrued interest of $33.75, making a judgment in favor of defendant in the sum of $1,295.72. The record shows that the plain-

tiff, by permission of defendant, in the summer of 1921, lived in a part of the dwelling house with the defendant, presumably for the purpose of making certain improvements upon the premises, and after being there for over a month he tried to exercise and take possession of the barn, where the defendant was storing his produce, and the defendant objected, and they had hot words, and the defendant ordered him to leave the premises, and then all the trouble between them commenced. Plaintiff sought the advice of a lawyer and on the very day the note was due served a notice on the defendant to quit and leave the premises, and before the corn was gathered served a notice on the grain buyers in the nearest market town that he claimed a lien on all defendant's crop, and they should not buy any of his produce, and, although he had received his one-third interest in all the crops, according to contract, and only the note of $450 was unpaid, he brought suit and attached the property and took charge under the attachment as custodian, and thereby kept the defendant from gathering 1,270 bushels of grain that was attached, and charged the expense of the gathering and hauling to the market to the defendant, and the jury evidently believed that the plaintiff was acting out of passion and prejudice toward the defendant and the actions of the plaintiff interfering with his marketing and attaching his crop were wrongful, and we think the testimony sufficient to justify this conclusion. But, even if the jury believed from the evidence that the plaintiff was acting out of malice and doing what he could to oppress and injure the defendant, rather than to protect himself, this would not warrant them in showing any passion or prejudice in rendering their verdict, and we cannot say from the record that they did, but we think the jury either failed to understand the instructions of the court or neglected to take into consideration the plaintiff's note of $450. There was no dispute as to this note, the court called attention to it, and directed that they find for the same, unless they found for the defendant under some other instruction given. The other instruction referred to by the court being as follows:

"You are further instructed, gentlemen of the jury, that should you find and believe from the evidence that the attachment was wrongfully issued and that the defendant was damaged by reason thereof and you should further find that the damages sustained by the defendant exceed the amount that the plaintiff may be entitled to recover therein you will then return a verdict for the difference in the amount you find the plaintiff is entitled to and for damages that

the defendant has sustained, if any, and should you find that the defendant has been damaged but not in an amount equal to the amount that you should find that the plaintiff is entitled to recover, you should then return a verdict for the difference in the amount."

We do not think the verdict complies with this instruction as to the difference with reference to the $450 note, as directed by the court, therefore, the verdict seems to be excessive to the amount of $450, with interest in the sum of $33.75, making the total amount of $483.75. The verdict is definite and certain as to the items found in favor of the defendant, and it cannot be said that they refer to the difference with reference to the note as pointed out by the instruction of the court, and we think that this $483.75 should be remitted by the defendant, and with this correction we think the judgment should stand. The other propositions laid down and discussed by the plaintiff are sufficiently answered in the foregoing discussion and it would serve no useful purpose to pursue the subject further.

We, therefore, recommend that, if the defendant will, within 30 days from the filing of this opinion, file a remittitur for $483.75, the judgment shall be affirmed, otherwise reversed and remanded for new trial.

By the Court : It is so ordered.