28 P.(2d) 660

In re FRICK BOOK & STATIONERY STORE, Inc.

FRANK A. HUBBELL CO. et al. v. FRICK et al.

No. 3792.

Supreme Court of New Mexico.

Dec. 18, 1933.

Rehearing Denied Jan. 29, 1934.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellants.

Mann & Wilson, of Albuquerque, for appellees.

SADLER, Justice.

The appellants, Frank A. Hubbell Company and Nellie McCanna, complain on this appeal of the action of the district court of Bernalillo county in denying their claim of lien to secure rentals to become due under the terms of a written lease of certain premises in the city of Albuquerque, N. M., occupied by Frick Book & Stationery Store, Inc., on January 8, 1932, when E. A. Frick, the appellee, was named receiver of said tenant in insolvency proceedings instituted against it.

The appellants' claim was asserted through a petition in intervention filed in the receivership proceedings. It was successfully resisted by the receiver. The latter conceded liability for rent for the month of January, 1932, at the rate specified in the lease agreement, copy of which was attached to appellants' petition in intervention, but denied their right to lien for the unexpired portion of the term specified therein, namely, until and including the month of May, 1933.

It appears from the receivership proceedings that the trial court had entered an order authorizing the receiver to put on a sale for the purpose of liquidating the assets of the insolvent tenant which consisted of merchandise, furniture, and fixtures. The appointment of the receiver and the order of the district court directing the sale of the insolvent's assets located on the demised premises are relied upon by appellants as working such an impairment of the security of their landlord's lien as to justify them in seeking its foreclosure in the receivership proceedings for the total rental to accrue under the lease.

They here base their right to landlord's lien for rents still to become due upon the provisions of 1929 Comp., § 82-404, reading as follows:

"Landlords shall have a lien on the property of their tenants which remains in the house rented, for the rent due, or to become due by the terms of any lease or other agreement in writing, and said property may not be removed from said house without the consent of the landlord, until the rent is paid or secured." Laws 1923, c. 24, § 1, amending Laws 1917, c. 65, § 1.

Objections were filed by the receiver to the allowance of lien claim against assets in the hands of the receiver for rent to become due. The matter seems to have been tried and determined upon appellants' petition of intervention and appellee's objections thereto without the introduction of other evidence. This left before the court for consideration only the petition, with copy of lease attached, and appellee's objections to the claim as made, except, of course, the files in the receivership proceeding.

From such evidence as was thus before the court, it drew certain inferences in the form

of findings, made conclusions of law thereon, and rendered its decree denying appellants' claim of lien. The theory of the trial court's decision was that by virtue of the lease agreement, held to create a conventional or contractual lien in the nature of a chattel mortgage, and proceedings to enforce the same, the appellants had waived the statutory landlord's lien, and that the conventional lien through failure to file or record same was void as against the appellee, as receiver, from the date of his appointment.

■ In this court an issue is raised in the briefs of the parties as to whether the appellants in the court below actually relied upon the statutory lien, or the conventional lien purportedly created by the written lease. The appellants' position below upon the question of which lien it claimed, as disclosed by the allegations of its lien claim was, to say the least, left in doubt. Under it, they might have shifted their position from the one claim to the other, without being confronted with allegations from their written claim pointing with any conclusiveness or certainty to reliance therein upon a lien other than that at the time being asserted.

If the claim as filed can be said more nearly to relate itself to the one lien than to the other, it would be to the conventional lien. For one thing, the statute creating the landlord's lien is not pleaded or referred to in the claim. If relying upon the statute, it would have been but a natural thing to do to refer to it as the source of the lien claimed, or at least to assert that the claim was to a "statutory lien."

Furthermore, anticipating a sale of the insolvent's assets under court order, the appellants limited the lien asserted to one attaching to the proceeds of the sale of the property "which was on the leased premises when the lease was signed." While it is true there was no property then so situated, since at that time the premises were occupied by another tenant and appellants' term was not to begin for two and a half months after the lease was signed, still if to give meaning to this allegation we consider it as referring to the beginning of the term, rather than to the time of signing the lease, it is still not the assertion of a lien as extensive as that given under the statute for rent to become due by the terms of a written lease. The latter covers not only any property of the tenant on the premises when the term begins, but any subsequently placed there "which remains in the house rented."

■ While the theory of appellants' claim in the actual trial of the case, as reflected by findings and conclusions requested, points to reliance upon the statutory lien, we are unable to say that the trial court could not justifiably interpret the claim filed, and upon which the cause was tried, as an effort to enforce the conventional lien purportedly created by the written lease. They requested and the court refused a finding that they were seeking foreclosure of their statutory lien; that they had in no manner waived the same; and that at the time the lease was executed, neither lessors nor lessees had any specific property in mind upon which it was desired to create a lien. We must, in support of the judgment rendered, consider as made the

converse of these requested findings. Embraced, therefore, within the findings made is one that the appellants had waived their statutory lien.

We doubt if the mere taking of a chattel mortgage on the same property and none other, which is the subject of the statutory lien, constitutes collateral security within the meaning of section 82-409. Ordinarily, and under the weight of authority, such additional lien will be deemed merely cumulative. See 36 C. J. 484; Franklin v. Meyer, 36 Ark. 96; Merchants' & Planters' Bank v. Meyer, 56 Ark. 499, 20 S. W. 406; In re Barnhart (U. S. D. C.) 4 F.(2d) 269; Gila Water Company v. International Finance Corp. (U. S. C. C. A., 9th Cir.) 13 F.(2d) 1; Pitkin v. Fletcher, 47 Iowa, 53; Ladner v. Balsley, 103 Iowa, 674, 72 N. W. 787; Smith v. Wells' Adm'x, 67 Ky. (4 Bush) 92; Thompson v. Hill, 147 Miss. 489, 112 So. 697; Lovelady v. Harding (Tex. Civ. App.) 207 S. W. 933; Stephens v. Cox (Tex. Civ. App.) 255 S. W. 241, rehearing denied (Tex. Civ. App.) 256 S. W. 643; Griffin v. Mangrum (Tex. Civ. App.) 267 S. W. 279; Gulf, C. & S. F. Ry. Co. v. Enloe (Tex. Civ. App.) 5 S.W.(2d) 545; Baxter v. Bush, 29 Vt. 465, 70 Am. Dec. 429; Thomas v. Grote-Rankin Co., 75 Wash. 280, 134 P. 919.

But we cannot doubt the power of the trial court to predicate a finding of waiver upon both the taking and the effort to enforce such a conventional lien. It is urged by appellants, however, that the language of the instrument attempting to reserve a lien is so indefinite and general as to be wholly void and ineffective to accomplish the purpose sought. The author of the text on Landlord and Tenant at 36 C. J. 482, speaking on the subject, says:

"The property subject to a contract lien depends upon the language of the lease and the intention of the parties. As between the parties, the lien covers everything it was intended to cover; as to third persons, it covers only what is included in its express terms."

The language of the present lease asserted by appellee to create a lien reads: "Meaning and intending hereby to give the said lessor, the lessor's heirs, executors, administrators or assigns, a valid and first lien upon any and all goods, chattels and other property belonging to the said lessee, as security for the payment of said rent."

This same language was before us in the lease involved in Armijo v. Pettit, 32 N. M. 469, 259 P. 620, 61 A. L. R. 767. There the suit was between the original parties to the lease, and the property in question was on the premises when the lease was executed. The rights of creditors were not involved. We applied it in accordance with the statement from the text of Corpus Juris, supra. What we there said concerning the sufficiency of description carried by this language, in a controversy solely between the parties to the lease, is not to be taken as approving its sufficiency where the rights of third parties are involved. The opinion itself makes it plain that we were passing upon the question only as between the parties to the lease.

But we are unable to treat this language as wholly nugatory. It must have related itself in the minds of the parties to some property.

Otherwise, it would not have been employed. We may concede that it is not sufficient to cover after-acquired property, 36 C. J. 482, 483; Borden v. Croak, 131 Ill. 68, 22 N. E. 793, 19 Am. St. Rep. 23; Chicago Title & Trust Co. v. Corporation of Fine Arts Bldg., 288 Ill. 142, 123 N. E. 300; and concede further that under this identical language in a lease, as against third parties, and in the absence of evidence to the contrary, it will be assumed that the property involved is after-acquired property, Powell v. Daily, 163 Ill. 646, 45 N. E. 414. Nevertheless, there is nothing here to show, as between the parties to the lease, that the property involved, or some part of it, was not in the possession and ownership of lessee or its assignors at the time the lease was actually signed and was not the very property to which this language was intended to relate.

██ The authorities cited, supra, however, go no further than to hold that the taking by the landlord of a mortgage on the same property covered by his statutory lien does not operate as a matter of law to constitute waiver of the statutory lien. This is not to deny the usual field for the operation of the doctrine of waiver. So that, even conceding that the mere acquisition of the additional lien fails of its own force to bind the landlord on the doctrine of waiver, the statutory lien nevertheless is his to waive if he so desires and intends. Whether he has done so in any given case is, of course, a matter of intention determinable from such evidence as is before the court. Woodcock v. Cochran, 21 N. M. 76, 153 P. 273; 17 R. C. L. 608, § 18, under topic "Liens"; Cole v. Turner, 108 Ark. 537, 158

S. W. 493; Burnmeister v. Voigt, 104 Okl. 188, 230 P. 874.

We think it was permissible for the trial court to relate the language in question, as between the parties to the lease, to all or some portion of the very property involved in the litigation, and to infer both from the taking and subsequent attempt to foreclose the lien thereon that there was an intention from the beginning to rely upon it as distinguished from the statutory lien. So viewing the matter, and concurring in the trial court's holding, which is not questioned, that the conventional lien was inoperative against appellee as receiver through failure to file or record same, we agree that its judgment should be affirmed.

It is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.