JOE MANIS v. R. H. FLOOD.

Decided November 26, 1898.

**Landlord's Lien—Right of Assignee of Rent to Distrain.**

One to whom a landlord assigns the right to collect rent has no right to distrain therefor under article 3240, Revised Statutes, providing that a person to whom rents or advances are payable, "his agent, assigns, heirs, or legal representatives" may apply, in certain cases, for a distress warrant to seize the property of the tenant, since the word "assign" refers not merely to the assignee of the rent but also of the reversion, and includes the grantee of the lease or land.

APPEAL from the County Court of Montague. Tried below before Hon. P. P. DUNFORD.

*H. W. Hunt, D. M. Smith,* and *Levi Walker,* for appellant.

*W. S. Jameson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant having rented land from one Tallant, was sued by appellee, to whom Tallant had assigned the right to collect the rent. A distress warrant was also sued out at the instance of appellee, and levied on a portion of the cotton crop. The right of such an assignee to distrain for rent was controverted by appellant, and from a judgment sustaining the right and denying him any recovery of damages this appeal is prosecuted.

The remedy by distress is a summary one, and does not exist without a statute authorizing it. Article 3235 of our Revised Statutes gives to "all persons leasing or renting lands or tenements," etc., "a preference lien upon the property of the tenant," etc. Article 3240 provides: "When any rent or advances shall become due, or the tenant shall be about to remove from such leased or rented premises, or to remove his property from such premises, it shall be lawful for the person to whom the rents or advances are payable, his agent, assigns, heirs, or legal representatives, to apply to a justice of the peace  *  *  *  for a warrant to seize the property of such tenant."

The decision of the question at issue turns upon the meaning to be ascribed to the word "assigns" as used in this statute. Appellant contends that it refers to the transfer of the reversion, and not merely to the arrears of rent, and cites a late case from Kentucky as authority,—Hutsell v. Bank, 43 Southwestern Reporter, 469. The Kentucky statute differs somewhat, and perhaps materially, from our own, but the line of argument is persuasive.

At an early day the New York statute, which seems quite as comprehensive as ours, received a construction such as appellant contends for, as will be seen from the following quotation from the opinion in Slocum v. Clark, 2 Hill, 476: "The counsel for the plaintiff in error is mistaken in supposing that the statute, 1 Revised Statutes, 739, section 23, second edition, can help him out of the difficulty. That provides that 'The grantees of any demised lands, tenements, rents, or other hereditaments, or of the reversion thereof, the assigns of the lessor of any demise, etc., shall have the same remedies by entry, action, distress, etc., for the nonperformance of any agreement contained in the lease so assigned, or for the recovery of any rent, etc., as their grantor or lessor had or might have had if such reversion had remained in such lessor or grantor.' This act was taken from the 32 Hen. VIII., ch. 34, 37, and was designed to extend to grantees and assignees of the reversion who were strangers to the lease, and to their personal representatives, certain remedies upon the covenants therein that were at least doubtful at common law; but it has no bearing upon the question before us. The 'rent' referred to in the statute is, doubtless, rent charge, which is regarded for many purposes as real estate, partaking of the nature of the lands upon which they are charged, and for which no remedy by distress existed as of common right. Brad. Dist., 15, 32, 34; People v. Haskins, 7 Wend., 467."

This line of construction runs through all the cases we have examined, and we have not been able to find any case to the contrary. The lan-

guage of our statute is very general and indefinite, and hence contains nothing to warrant a different construction from that given this class of statutes elsewhere. The prevailing construction must be held to have been adopted when the statute itself was adopted. The word "assigns" refers not merely to the assignee of the rent debt, but refers to and includes the grantee of the lease or land.

The judgment is therefore reversed, and the cause remanded for a new trial.

*Reversed and remanded.*