McCOLLUM v. HAMMIT et al.   (No. 61.)

(Court of Civil Appeals of Texas. Eastland. Dec. 4, 1925. Rehearing Denied Jan. 29, 1926.)

1. **Bills and notes** &xrightarrow{}462(1)—**Petition in action on note before maturity held not subject to general demurrer.**

Petition in action on note before maturity by assignee thereof, which stated a good cause of action, and was based on an obligation in writing, duly assigned by payee to plaintiff, *held* not subject to general demurrer.

2. **Landlord and tenant** &xrightarrow{}250—**Assignment of tenants' note carried with it landlord's lien.**

Where tenants executed note to landlord for live stock and tools, assignment of note to third person carried with it statutory landlord's lien.

3. **Landlord and tenant** &xrightarrow{}262(4)—**Assignee of tenants' note to landlord need not prove reversionary interest in land to recover on note and lien assigned.**

Where tenants executed note to landlord for live stock and tools, assignee of note need not show that he had reversionary interest in and to land, as condition precedent to recover on note and lien assigned.

4. **Landlord and tenant** &xrightarrow{}238—**Attorney's fees held recoverable, though debt not due.**

Where tenants executed note to landlord for live stock and tools, and had converted to their own use part of such tools and part of rent, assignee of note, being compelled to sue to prevent conversion of security, could recover attorney's fees, even though debt was not due.

5. **Landlord and tenant** &xrightarrow{}265(1)—**Assignee of tenant's note held entitled to benefits under distress warrant.**

Where tenants executed note to landlord for live stock and tools, and had converted to their own use part of such tools and part of rent, assignee of note, in bringing action on it before its maturity, had legal right to make affidavit for distress warrant, and was entitled to all benefits accruing thereunder, in view of Rev. St. 1925, art. 5239.

Appeal from Scurry County Court; Horace Holley, Judge.

&xrightarrow{}For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
279 S.W.—56

Suit by Ben B. McCollum against John Hammit and another. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Smith & Harris, of Snyder, for appellant.

Sentell & Sentell, of Snyder, and Stinson, Coombes & Brooks, of Abilene, for appellees.

LITTER, J. We adopt appellees' statement of the nature and result of the suit as follows:

The statement of the nature and result of the suit as made by appellant is practically correct. But for the sake of brevity we would say that J. W. Tatum owned a tract of land in Scurry county which he had rented to John Hammit and E. A. Hammit as tenants for the year 1924. He sold John Hammit and E. A. Hammit some live stock and tools on December 13, 1923, and took a note described in plaintiff's petition, due November 15, 1924. Thereafter, and before the due date of the note, J. W. Tatum sold, transferred, and conveyed the note to plaintiff, Ben B. McCollum, and thereafter, and on October 27, 1924, before the maturity of the note, the plaintiff, McCollum, brought this suit in the justice court of precinct No. 1 of Scurry county, Tex., and also distrained the live stock and tools described in plaintiff's petition; also distrained the growing crops on the tenants' land. All the papers were sent up to the county court, where the defendants John Hammit and E. A. Hammit filed general demurrer, special exceptions, and motion to quash the distress proceedings. Upon a hearing of the demurrers, exceptions, and motion the court sustained the appellees' motion, and entered judgment, from which judgment the appellant prosecutes this appeal.

Appellant has five assignments of error as follows:

"The court erred in sustaining a general demurrer to plaintiff's petition, for the reason that plaintiff's petition stated a good and sufficient cause of action against the defendant, and the ruling of the court on said general demurrer was contrary to law.

"The court erred in sustaining defendants' special exception No. 1 to plaintiff's petition, in which exception defendants claim that the landlord's lien held by J. W. Tatum could not be assigned to the plaintiff herein, because said exception is not based upon a correct proposition of law, and for the further reason that the said lien was assignable.

"Plaintiff says the court erred in sustaining the defendants' second special exception; that said exception is not based upon a sound proposition of law, and it is not necessary that plaintiff in this cause show that he had a reversionary interest in and to said land as a condition precedent to the recovery on the note and lien assigned to this plaintiff by the landlord.

"Plaintiff says the court erred in sustaining defendants' third and fourth special exceptions, because the ruling thereon is not in accordance with law, and for the further reason that plaintiff's pleading sets out facts which would authorize the bringing of this suit at the time it was brought and the recovery of attorney's fees in accordance with provisions of the note executed by the defendants."

"The court erred in sustaining defendants' motion to quash the affidavit, distress warrant, and bond and the proceedings issued thereunder, for the reason that said affidavit, distress warrant, and bond were regular in every respect, and issued in accordance with law and upon proper pleadings filed by plaintiff; and for the reason that the defendants herein did not file any pleadings properly attacking the sufficiency of the affidavit, distress warrant, and bond, and said ruling of the court was not authorized under the pleadings filed by the defendants."

Which assignments will be considered in order.

[1] We are of the opinion that the court erred in sustaining the general demurrer to plaintiff's petition, as said petition stated a good cause of action, being based upon a promissory note, same being an obligation in writing, duly signed by the payee to plaintiff; hence was not subject to general demurrer.

[2] We also conclude that the court erred in sustaining defendants' special exception No. 1; said exception being based upon the claim that the landlord's lien held by J. W. Tatum could not be assigned to the plaintiff herein.

A landlord has a right to assign a written obligation given for rent, and said assignment carries with it the landlord's statutory lien. Hatchett v. Miller (Tex. Civ. App.) 53 S. W. 357.

[3] We also conclude that the court erred in sustaining defendants' second special exception; said exception being based upon the proposition that plaintiff in this cause had not shown that he had a reversionary interest in and to the land as a condition precedent to a recovery on the note and lien assigned to this plaintiff by the landlord. Hatchett v. Miller (Tex. Civ. App.) 53 S. W. 357; Bond v. Carter (Tex. Civ. App.) 73 S. W. 45; Manis v. Flood, 19 Tex. Civ. App. 591, 47 S. W. 1017.

[4] The court erred in sustaining defendants' third and fourth special exceptions; thereby holding that plaintiff was not entitled to collect attorney's fees upon bringing suit for collection of a note not due. Attorney's fees are recoverable when plaintiff is compelled to go into court to keep his security from being converted by the debtor, even though the debt is not due.

The facts in this case show that the defendants had converted to their own use part of the tools for which the note was given, and also part of the rent from the place; hence we hold that the plaintiff had a right to sue on note not due, and was entitled to attorney's fees.

[5] We also conclude that the affidavit for the distress warrant contained every statutory requirement; that appellant had a legal right to make same, and was entitled to all

the benefits accruing thereunder. Revised Statutes 1925, art. 5239.

Judgment of the court below is reversed and cause remanded.

PANNILL, C. J., not sitting.